FOX *v*. DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—PERSONAL INJURIES—RIGHT TO USE OF STREET.

In an action for personal injuries received at a street intersection in a collision between defendant's street car and a wagon driven by plaintiff, *held*, that defendant had no greater right to the use of the street at the crossing than had plaintiff.

2. SAME — EVIDENCE — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where plaintiff's view to the east was entirely obstructed by defendant's standing cars, and, after waiting 5 or 6 minutes for the cars to move, and after looking and listening without detecting the approach of a car, plaintiff proceeded to cross the street, when he was struck by defendant's west-bound car, which, according to the testimony of plaintiff's witnesses, was traveling at the rate of 12 to 15 miles an hour without sounding the gong, the questions of plaintiff's contributory negligence and defendant's negligence were for the jury.

3. NEW TRIAL—EVIDENCE—GREAT WEIGHT OF EVIDENCE.

The conclusion of the trial court that the verdict was not against the overwhelming weight of the evidence, *held*, supported by the record.

4. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACTION AGAINST THIRD PARTY—ELECTION.

Although an, employee, injured in the course of his employment by collision with a street car, allowed his employer's insurer to pay his hospital and doctor's bills (2 Comp. Laws 1915, § 5434), he did not thereby elect to proceed against his employer under the workmen's compensation act and thus bar his right to bring an action at law against the street railway company (2 Comp. Laws 1915, § 5468), where he made no claim for compensation under the act.

Error to Wayne; Webster (Arthur), J. Submitted

January 6, 1922. (Docket No. 41.)   Decided March 30, 1922.

Case by Fred Fox against the Detroit United Railway for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Corliss, Leete & Moody (Frederic T. Harward,* of counsel), for appellant.

*Paterson & Svenson,* for appellee.

SHARPE, J.   The plaintiff, a man 56 years old, was, on October 24, 1918, driving a horse and wagon to the north on Fifteenth street in the city of Detroit.   He was in the employ of Lowrie & Robinson, lumber dealers.   He was familiar with the surroundings. Fifteenth street intersects Warren avenue.   This avenue has a double line of street car tracks, operated by the defendant.   Cars on the north side travel westerly, and those on the south side easterly.   Defendant's Warren car house is three blocks to the west. Defendant has air stations on both sides of the avenue between Fourteenth and Fifteenth streets.   Plaintiff approached the intersection about 5 o'clock in the afternoon.   The cars leave defendant's car house on the east-bound track very frequently at this hour. They stop to take air before proceeding on their trip. As plaintiff approached the crossing, he stopped and waited for three east-bound cars to pass and also a truck being driven in the same direction.   The last of the three cars stopped with its rear end slightly protruding into the traveled portion of Fifteenth street, which was 26 feet in width at this point.   Plaintiff's view to the east was entirely obstructed by this car.   After waiting, as he claims, for five or six minutes, he testified that he looked along the trolley wire, which he could see over the standing car, and also through the glass on it, and could see no signs

of an approaching car; that he listened and heard no sound of a gong or rumble of the car wheels; that he then attempted to cross, passing close to the standing car, and as soon as he was able to see the track on the north side of the street he discovered a car, which approached him so rapidly that he was unable to get across, his wagon was struck by it and he thrown out and very severely injured. Plaintiff's witnesses testified the car was traveling from 12 to 15 miles per hour, while defendant's witnesses claim its rate of speed was from 2 to 4 miles per hour.

Plaintiff was taken to a hospital and the bill for hospital and doctor's services, amounting to $130, was paid by the insurance company which had furnished indemnity insurance to plaintiff's employers. Plaintiff claims he was to return this money in case he recovered damages from the defendant. When the plaintiff had rested, and also at the conclusion of the proofs, defendant's counsel moved for a directed verdict. The decision on these motions was reserved under the Empson act (3 Comp. Laws 1915, § 14568), and the case submitted to the jury, who rendered a verdict in plaintiff's favor for $5,840. Defendant's motion for a judgment *non obstante veredicto* was overruled, as was also its motion for a new trial. The assignments of error will be considered in the order discussed by defendant's counsel in their brief.

1. Was Plaintiff Guilty of Contributory Negligence? Defendant had no greater right to the use of the street at this crossing than had the plaintiff. The car which struck plaintiff had come from the south on Fourteenth street and then curved sharply onto Warren avenue and ran west. At the rate at which it was traveling, as testified to by plaintiff's witnesses, this car would have traveled the distance between Fourteenth and Fifteenth streets, approximately 330 feet, in about 20 seconds. Had plaintiff alighted from his wagon and

walked to the point from which he could have obtained a view to the east on the north track, he could not have seen the car in time to be warned of its approach had he returned to the wagon and attempted the passage across. It is true that he could not see the approaching car from where he stopped. He waited five or six minutes to permit the car obstructing his view to move onward. It did not do so. He looked at the trolley wire. The approach of a car would be indicated by the movement of the trolley pole thereon. He saw none. He looked through the windows of the standing car as best he could. He listened, but heard no sound of an approaching car. Whether or not he exercised that care which an ordinarily prudent person would exercise under the circumstances and the surroundings was, we think, a question for the jury.

The decisions of this court relied on by defendant (*Doty* v. *Railway Co.,* 129 Mich. 464; *Clark* v. *Railway,* 168 Mich. 457; *Davis* v. *Railway Co.,* 191 Mich. 131; *Blatnikof* v. *Railway,* 202 Mich. 69) are clearly distinguishable. These were all cases in which a passenger, who had alighted from a street car, passed onto the second track without looking for the approach of a car thereon.

2. Was There Evidence of Defendant's Negligence? There was testimony tending to show that the car which caused plaintiff's injury was traveling from 12 to 15 miles per hour and that no gong was sounded. In view of the condition of the street, congested as it was by defendant's cars, and the fact that one car obstructed the view to the east on Warren avenue, we find no error in the submission of this question to the jury. See *Ommen* v. *Railway Co.,* 204 Mich. 392, and cases cited.

3. Was the Verdict Against the Overwhelming Weight of the Evidence? The trial court concluded

it was not and with his conclusion we agree.    Plaintiff's testimony was corroborated in all its essentials by that of apparently disinterested witnesses.

4. Had Plaintiff Elected to Proceed under the Workmen's Compensation Act?    Section 15 of part 3 of the act (2 Comp. Laws 1915, § 5468) provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

Section 4 of part 2 (2 Comp. Laws 1915, § 5434) provides:

"During the first three weeks after the injury the employer shall furnish, or cause to be furnished, reasonable medical and hospital services and medicines when they are needed."

Defendant insists that the plaintiff by permitting the insurance company to pay his hospital and doctor's bills exercised the option given him by the act to proceed thereunder against his employer for compensation.    He made no claim for compensation under the act.    There was clearly no election on his part to hold his employers liable.    As was said in *Brabon* v. *Light & Power Co.,* 201 Mich. 697, 706:

"To *proceed* against the employer is to employ the procedure, the method, pointed out in the statute."

The judgment is affirmed.

Fellows, C. J., and Wiest, Clark, Bird, Moore, and Steere, JJ., concurred.

The late Justice Stone took no part in this decision.