MICHIGAN EMPLOYERS CASUALTY CO. *v.* DOUCETTE.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—RIGHT OF INSURER TO MAINTAIN ACTION AGAINST WRONGDOER IN OWN NAME.

An insurance company carrying the risk for an employer operating under the provisions of the workmen's compensation act may not maintain an action in its own name against a third party, claimed to be a wrongdoer causing

On constitutionality of workmen's compensation and industrial insurance statutes, see notes in 34 L. R. A. (N. S.) 162; 37 L. R. A. (N. S.) 466; L. R. A. 1916A, 409; L. R. A. 1917D, 51.

the injury, for the amount paid the employee as compensation under said act, but said action must be brought in the name of the employer under the provisions of the statute (2 Comp. Laws 1915, § 5468) authorizing such action.

2. SAME—ASSIGNMENTS—SUBROGATION.
Under said statute, no assignment is necessary, the right being conferred by way of subrogation.

3. STATUTES—SPECIAL LEGISLATION NOT AFFECTED BY GENERAL—INTENT.
Special legislation is not affected by a later statute of general application unless the legislative intent to do so is clearly apparent.

4. SAME—WORKMEN'S COMPENSATION ACT NOT AMENDED BY JUDICATURE ACT—ACTION.
The requirement in the judicature act (3 Comp. Laws 1915, § 12353), a statute of general application, that actions be brought in the name of the real party in interest, does not affect the provision in the workmen's compensation act (2 Comp. Laws 1915, § 5468) conferring a right of action on the employer against the wrongdoer for the benefit of himself or his insurer so as to require action to be brought by the insurer in his own name, since the latter is special legislation, contractual in its nature, and becomes operative only in case both employer and employee elect to come under its provisions.

Error to Oceana; Vanderwerp (John), J. Submitted April 18, 1922. (Docket No. 69.) Decided June 5, 1922.

Assumpsit by the Michigan Employers Casualty Company, as insurer of an employer, for the amount paid to an injured employee under the workmen's compensation act, against Joseph Doucette, alleged wrongdoer. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*A. S. Hinds*, for appellant.

*F. E. Wetmore*, for appellee.

SHARPE, J. There is but one question presented on this record which we find it necessary to consider. May an insurance company, carrying the risk for an

employer, operating under the provisions of the workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*), bring suit in its own name against a third party, claimed to be a wrongdoer causing the injury, for the amount paid the employee as compensation under the act? Section 5468 reads as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

This section confers a right of recovery on the employer. It provides that he "may enforce for his benefit or for that of the insurance company carrying such risk" the liability of the wrongdoer to the employee. No assignment is necessary. The statute confers the right by way of subrogation. Such right, however, is conferred upon the employer only, though it may be exercised for his own benefit or for that of the insurance company carrying his risk.

Plaintiff's counsel in his brief concedes that an action brought in the name of the insurance company could not have been maintained prior to the enactment of the judicature act. Section 2 of chapter 12 of that act (3 Comp. Laws 1915, § 12353) reads as follows:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought: *Provided*, That any person to whom a cause

of action shall accrue upon the bond of any public officer, required to give bond to the people of this State, may prosecute a suit for recovery on said bond in his own name: *Provided further,* That actions upon any bond, contract or undertaking lawfully made with any officer of this State, or of any county, township, school district, city or village, or to enforce any liability or any duty enjoined by law to said officer, shall be brought in the corporate name of the body for whose benefit such contract was made, or such liability or duty enjoined."

Under the former statute (3 Comp. Laws 1897, § 10054) the assignee of a chose in action might, at his option, bring suit in his own name or in that of his assignor, except that in the case of negotiable instruments assigned without indorsement the assignee must sue in the name of his assignor. Under the present statute this exception no longer exists. Besides, what was formerly permissive is now mandatory. All suits must be prosecuted in the name of the real party in interest.

The question presented is whether section 12353 modifies section 5468. The workmen's compensation act is special legislation, enacted for a specific purpose. *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich. 8. Under it an employer is compelled to pay compensation to an injured employee when not otherwise legally liable to do so. His obligation is statutory and contractual in its nature. The act becomes operative only in case both employer and employee elect to come under its provisions.

It is a general rule that special legislation is not affected by a later statute of general application unless the legislative intent is clearly apparent. *People* v. *Wenzel,* 105 Mich. 70; *Maclam* v. *City of Marquette,* 148 Mich. 480; *Edwards* v. *Auditor General,* 161 Mich. 639; *Boos* v. *Scudder,* 163 Mich. 678; *Hopkins* v. *Sanders,* 172 Mich. 227; *Port Huron Engine, etc., Co.* v. *Port Huron Township,* 191 Mich. 590.

In 36 Cyc. p. 1092, it is said:

"A special act providing a special or summary mode of procedure in a particular case is not affected by a subsequent general act relating to procedure, unless there is found in the subsequent act a direct indication of an intent to repeal such special act."

Section 5468 is found in part 3 of the act, which deals with "procedure" under it. We feel constrained to hold that this provision of the judicature act, it being a statute of general application, and in no way referring to section 5468, should not be held to be amendatory thereof or to enlarge the rights conferred thereby.

It follows that the verdict for defendant was properly directed and the judgment entered thereon is affirmed, without prejudice.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.