## JOHN DEERE PLOW CO. v. ORTNER.
### No. 939.

District Court, E. D. Michigan, N. D.
July 20, 1935.

E. Dean Alexander, of Detroit, Mich., for plaintiff.

Kern & Ransford, of Caro, Mich., for defendant.

TUTTLE, District Judge.

This suit at law is now before the court on motion of defendant to dismiss, alleging as grounds for dismissal that this court is without jurisdiction to hear the case.

Plaintiff urges that there is diversity of citizenship and that the amount involved is sufficient to give the federal court jurisdiction. The facts alleged in the declaration are as follows:

John Deere Plow Company, a Michigan corporation, employed one William Henry Yatts. The Globe Indemnity Company, a New York corporation, issued its policy of workmen's compensation insurance to the John Deere Plow Company. On May 29, 1934, while Yatts was so employed and while the policy of insurance was in force, Yatts was killed in an automobile accident arising out of and in the course of his said employment. Said Yatts left a widow, one Belle Ruth Yatts, and a daughter, Lucy Margaret Yatts, fifteen years old. The widow made claim for compensation under the Michigan Workmen's Compensation Act (Comp. Laws Mich. 1929, § 8407 et seq.) and thereupon an agreement in writing in regard to compensation was duly entered into, allowing said widow $18 a week for a period of 300 weeks from May 29, 1934, as provided by the Michigan Workmen's Compensation Law, and $200 funeral expenses. The agreement was signed by the widow and minor daughter and by the Globe Indemnity Company. It was also approved by the Department of Labor of the state of Michigan. The declaration alleges that the Globe Indemnity Company had paid the accrued compensation to January 8, 1935, the date of filing the declaration. The monthly payments actually made amounted to $576 at that time, and the $200 funeral expenses had also been paid. The declaration also alleged the intention of the Globe Indemnity Company to pay the monthly sums as they became due according to the terms of the agreement.

The declaration further alleges that the accident to and death of William Henry Yatts resulted from the careless, negligent, and wanton conduct of one Walter Bernthal, a minor under the age of twenty-one years, and a resident and citizen of Michigan. The defendant, Rudolph Ortner, the guardian of the estate of Walter Bernthal, is also a citizen of Michigan.

This suit is brought by the said John Deere Plow Company, a Michigan corporation, for the use and benefit of the said Globe Indemnity Company, a New York corporation, as plaintiff, against the

said Rudolph Ortner, a resident of Michigan, guardian of the estate of Walter Bernthal, a minor, as defendant, to recover the said amount of $776, which sum the Globe Indemnity Company had paid to said widow prior to the filing of the declaration. The ad damnum clause of the declaration is for $5,600, the full amount agreed to be paid, but the actual amount paid at the time the declaration was filed was only $776.

If the John Deere Plow Company is a necessary party and interested in the subject-matter of the suit, then there is not such diversity of citizenship between the plaintiff and the defendant as. is required in order to give this court jurisdiction. If the amount involved is less than $3,000, exclusive of interest and costs, such fact would also deprive this court of jurisdiction.

Plaintiff's declaration is based upon section 8454 of the Compiled Laws of Michigan of 1929, which reads as follows: "Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

It is plain that under this statute the Globe Indemnity Company could not maintain this suit as plaintiff. The only party who can bring the suit as plaintiff is the John Deere Plow Company, and the recovery cannot be for the actual damages caused by the negligence of defendant's ward, nor for the amount agreed to be paid to the dependents of deceased, but for the amount actually paid by the John Deere Plow Company or by the Globe Indemnity Company to the dependents of the deceased prior to the time of the filing of the declaration.

I hold that the John Deere Plow Company is a necessary and an interested party and the actual plaintiff, and therefore that it is a suit between citizens of the state of Michigan. The recovery under the declaration could not possibly be for more than $776, together with interest and costs. There is neither the necessary amount involved nor the diversity of citizenship required for jurisdiction by this court. The motion of the defendant will be granted and the suit dismissed for want of jurisdiction.