### DINARDO v. CONSUMERS POWER CO.
#### No. 10969.

United States Court of Appeals
Sixth Circuit.
April 3, 1950.

As Amended on Denial of Rehearing
May 8, 1950.

Elmer H. Groefsema, Detroit, Mich., for appellant. Elmer H. Groefsema, Detroit, Mich., and Abram M. Kaplan, Cleveland, Ohio, on the brief.

M. F. Badgley, Jackson, Mich., for appellee. Bisbee, McKone, Badgley & McInally, Jackson, Mich., and William R. Roberts, Jackson, Mich., on the brief.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

The principal question presented by this appeal is whether the appellant's acceptance of compensation benefits under the Workmen's Compensation Act of Michigan, Comp.Laws 1948, § 411.1 et seq., precludes him from seeking a recovery in a common law action against appellee, which is alleged to be a third party liable for negligence causing appellant's injuries.

On May 30, 1945, appellant, a citizen of Ohio, was injured while he was working for an Ohio corporation, an independent contractor, upon the premises of appellee in Michigan. For approximately three years thereafter appellant accepted compensation payment under the Michigan Workmen's Compensation Act from his employer's compensation carrier. On May 5, 1947, appellant's attorney sent a telegram to the Michigan Department of Labor and Industry, Compensation Claims Department, asking whether any agreement for compensation payment had ever been entered into by appellant. The Department answered that an agreement in regard to compensation is not required for injuries occurring after the 1943 amendment to the Workmen's Compensation Act. It was conceded at the hearing below that from May, 1947, on, appellant and his counsel knew that the payments in question were being made. Appellee filed a motion for judgment on the pleadings and motion for summary judgment, which was granted by the District Court, and this appeal was instituted.

The complaint alleges that the injuries incurred were caused by an explosion in appellee's main gas pipe line, which appellant's employer was engaged in cleaning, painting, reconditioning, and wrapping. It was alleged that the work was done while the pipe line was carrying high volatile natural gas under 400 pound pressure, and that in failing to reduce the pressure on the pipe line, in permitting gasoline engines to be operated in the vicinity of the work, in failing adequately to warn appellant of the dangerous condition, and in other ways appellee was guilty of negligence directly and proximately causing the injury.

Appellant contends that under the Michigan decisions the District Court erred in dismissing the action. He urges that in Michigan the mere acceptance of compensation checks under the Workmen's Compensation Act does not amount to a proceeding against the employer for compensation, and hence does not exclude a suit for injury against a third party responsible therefor.

Appellee urges (1) that under the present form of the Michigan statute the acceptance of compensation automatically constitutes an election to proceed against the employer; and (2) that under the subrogation clause of Section 17.189 appellant is not the real party in interest and hence is not entitled to prosecute this action.

The applicable sections of the Michigan statute are 17.189 and 17.212, Comp.Laws 1948, §§ 413.15, 416.1, which read as follows:

Section 17.189. "Sec. 15. Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

Section 17.212. "Sec. 1. If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury."

The controlling provision of the statute is that which allows the employee at his option to "proceed either at law" against a third person to recover damages or against the employer for compensation under the Act, but not against both. Appellant urges that under Michigan law he did not proceed at law against his employer, and hence is not barred from suing appellee. He relies upon Brabon v. Gladwin Light & Power Co., 201 Mich. 697, 167 N.W. 1024, which held that the exclusive provision of the statute comes into effect only when the employee "proceeds" at law against the employer or the third person responsible for the injury. In that case no claim for compensation had been made and no judgment and finding had been made by the Compensation Commission, nor had it approved any agreement for compensation. The Supreme Court of Michigan held that because the plaintiff there had not made an approved agreement with her deceased husband's employer nor submitted a demand against it to lawful determination, even though she had accepted compensation payments, she had not proceeded against the employer and hence was not barred from asserting her rights against the third person responsible for the injury. Similarly, in Fox v. Detroit United Ry., 218 Mich. 5, 187 N.W. 321, 322, the Supreme Court of Michigan held that the plaintiff had not elected to proceed against his employer for compensation by his acquiescence in the payment of hospital and doctors' bills by the employer's workmen's compensation insurance carrier. The court said: "He made no claim for compensation under the act. There was clearly no election on his part to hold his employers liable."

Appellee concedes that the Brabon case, supra, announced the law in Michigan prior to 1943, but claims that this and similar decisions no longer apply since the enactment of extensive amendments to the Workmen's Compensation Act. He cites Schulmeyer v. Central Motor Freight Co., 323 Mich. 142, 35 N.W.2d 225, and contends that this case, decided subsequent to the amendments of 1943, in effect overrules the Brabon case. Under the old form of the statute, 2 Comp.Laws 1915, § 5423 et seq.,

the employee proceeding under the Workmen's Compensation Act had to "give notice of an injury, make a claim for compensation, secure the judgment and finding of the board upon all points involved, or its approval of any agreement for compensation * * *." Brabon v. Gladwin Light & Power Co., supra, 201 Mich. 705, 167 N.W. 1027. For the purposes of this case these requirements have now been eliminated. Schulmeyer v. Central Motor Freight Co., supra, 323 Mich. at page 144, 35 N.W.2d 225. Under the present form of the law it is mandatory that the employer or its insurance carrier promptly report compensable injuries unless liability is contested, and commence payments due under the Act whether or not claim or demand is made. Cf. Mich.Stat.Anno.Cum.Supp., Section 17.178, Comp.Laws 1948, § 413.5. A principal purpose of these amendments, as stated by the trial court in the Schulmeyer case, supra, was "to speed up payment" of benefits to employees where no contest over claims was involved.

Appellee relies upon the Schulmeyer case as overruling the prior decisions because it was there held that the plaintiff had made an election to proceed under the Workmen's Compensation Act, although he had not made any claim or demand in formal legal action against the employer, but had merely accepted compensation payments. It is true that in that case it was contended that under the amendments of 1943 the employee need not file a claim in order to receive compensation and that the mere acceptance of payments therefore constituted an election. The court, however, refused to rule upon this point, and held the action against the third party barred upon the ground that the plaintiff in sending the employer a letter which in effect suggested the renewal of payments under the Workmen's Compensation Act took affirmative action which constituted an election.

■ We think the Schulmeyer case has no application here. The request by appellant's attorney to the Workmen's Compensation Commission for information as to the existence of an agreement with the employer for compensation is not a demand

 

for compensation, and does not constitute an election to proceed under the Workmen's Compensation Act. However, we agree with appellee's contention that the radical changes in the Michigan statute make the Brabon case no longer applicable. When notice and claim are no longer required for payment, the lack of notice and claim is not decisive of the question of election. Moreover, Section 17.180, Mich Stat.Anno.Cum. Supp., Comp.Laws 1948, § 413.6,[1] relied on by appellant, clearly does not support the argument that no election exists here. This section applies to controversies before the Commission, and in no way concerns actions filed in the District Court over which the Compensation Commission has no jurisdiction. Under Section 17.212 acceptance of compensation automatically constitutes a release to the employer of the claim, if any, against the appellee. It would render this statute nugatory to hold under the circumstances of this record that the claim against the third person can still be asserted by the employee. We think the District Court correctly held in the instant case that the receipt of compensation for so long a period, with full knowledge that it was given under the Workmen's Compensation Act, constituted an election by the employee to proceed against the employer.

■■ Moreover, appellee's second contention is clearly supported both by the statute, which was not changed in this respect by the amendments of 1943, and by the pertinent Michigan decisions. This point is based upon the concluding clause of Section 17.189, "if compensation be paid under this act the employer may enforce * * * the liability of such other person." This section confers a right of action on the employer by way of subrogation. No assignment is necessary. Michigan Employers' Casualty Co. v. Doucette, 218 Mich. 363, 365, 188 N.W. 507. Under this statute whatever right of action the employee had against a third party for the tort passed

to the employer. Overbeek v. Nex, 261 Mich. 156, 246 N.W. 196. It follows that since compensation has been accepted, the employee is not the real party in interest, and can not prosecute this action. Rule 17, Federal Rules of Civil Procedure, 28 U.S.C. following § 723c, 28 U.S.C.A. Cf. Alexander v. Creed, D.C., 54 F.Supp. 652.

The judgment of the District Court is affirmed.

1. Section 17.180. "Sec. 6. Any controversy concerning compensation shall be submitted to the compensation commission. Neither the payment of compensation nor the accepting of the same by the employe or his dependents, nor the signing of receipts therefor, shall be considered as a determination of the rights of the parties under this act."