MILAN et al. v. KAUSCH.
No. 11385.

United States Court of Appeals
Sixth Circuit.
Feb. 15, 1952.

Robert E. Childs, Detroit, Mich. (Robert E. Childs, George Squire, Detroit, Mich., on the brief), for appellants.

Richard A. Harvey, Detroit, Mich. (Richard A. Harvey, Detroit, Mich., on the brief; Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., of counsel), for appellee.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This action was instituted under the subrogation section of the Michigan Workmen's Compensation Law to recover compensation and medical expenses paid by Liberty Mutual Insurance Company, a Massachusetts corporation, insurer for the employer Milan Wineries, whose employee had been injured by defendant's negligence and had sustained the loss of an eye.[1] The injured workman elected to receive compensation under the Michigan Workmen's Compensation Law, and in accordance with this election, up to the time of the filing of the complaint, $1,228.10 in compensation and $1,141.38 in medical expenses, totaling $2,369.48, had been paid by the insurance company. The total award of compensation under the statute amounted to $2,749.50. Plaintiffs did not allege the payment of any compensation or medical expenses subsequent to the time of filing the complaint.

The subrogation section, 17.189, Mich. Stat.Ann., Comp.Laws 1948, § 413.15, provides: "Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

The complaint contained two counts, one brought by plaintiffs Charles Milan, Florence Milan and Robert Rubenstein, co-partners, doing business as Milan Wineries, for the use and benefit of the Liberty Mutual Insurance Company. The action stated in the second count was instituted by plaintiff Liberty Mutual Insurance Company. Each of these counts, after reciting the facts above stated, which are uncontradicted, alleged that by reason of the payments made by the insurance company a cause of action has accrued "in the amount of the payments so made and to be made against the defendant in causing injury and permanent disability to its employee. * * *" In count I plaintiffs demand judgment for $10,000, with interest and costs, for the use and benefit of the Liberty Mutual Insurance Company. In count II the plaintiff Liberty Mutual Insurance Company demands judgment in the sum of $10,000.

The defense was a general denial. As special affirmative defenses it was also asserted that the court has no jurisdiction over the parties for lack of diversity of citizenship, and that the second count of the complaint should be stricken because the insurance company is not a proper party plaintiff under the Workmen's Compensation Law.

On motion of the plaintiffs for determination of defenses before trial, Rule 12(d), Federal Rules of Civil Procedure, 28 U.S.C.A., the District Court dismissed the complaint without prejudice for want of jurisdiction.

This judgment was correct. The complaint alleged payment of medical expenses and compensation which totaled $2,369.48, less than the jurisdictional amount. Under the Michigan decisions construing the Workmen's Compensation Law, the amount recoverable is the aggregate of payments actually made. City of Grand Rapids v. Crocker, 219 Mich. 178, 189 N.W. 221; Albert A. Albrecht Co. v. Whitehead & Kales Iron Works, 200 Mich. 109, 166 N.W. 855; John Deere Plow Co. v. Ortner, D.C., 11 F.Supp. 375.

1. The parties will be designated as in the court below.

Plaintiffs contend that these cases do not apply because this is a tort action, and assert that the prayer for $10,000 with which each count of the complaint concludes is the measure of the reasonably possible recovery. Hence they say the matter in controversy amounts to more than $3,000.

 But the action is not a tort action. It is a statutory action, provided for under the express terms of § 17.189. The statute comes into force "if compensation be paid under this act" and thus by implication authorizes recovery only for compensation paid. Also both counts of the complaint specifically state the claim in terms of compensation and medical expenses paid by the insurer, which total less than the jurisdictional amount. Plaintiffs concede that the employer's recovery is limited to the extent of compensation paid, but assume that the recovery of the insurer may run as high as $10,000. This is not the law. It is the general rule in subrogation that the subrogee is to be reimbursed only to the extent of the amounts paid in discharge of the obligation assumed by the subrogee. 50 Am.Jur. 760, § 119; Memphis & Little Rock Rd. Co. v. Dow, 120 U.S. 287, 302, 7 S.Ct. 482, 30 L.Ed. 595.

Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 800, 91 L.Ed. 1024, relied on by plaintiffs, reversed a decision of this court as to the existence of the jurisdictional amount in a subrogation case arising under the Tennessee Workmen's Compensation Law, Tenn.Code Ann., § 6851, et seq. Under the Tennessee statute the employer who has paid or become liable for compensation may collect in his name or in the name of the injured employee the indemnity paid or payable to the injured employee. Hence in Tennessee the employer may secure a judgment for the total amount of the award even though the total award is never paid. Because of this the Supreme Court in the Flowers case, supra, held that a suit for death benefits in the amount of $5,000 included the requisite jurisdictional amount of $3,000, although payments might be terminated before totaling $3,000.

In its opinion the court pointed out the following exception: "If this case were one where judgment could be entered only for the installments due at the commencement of the suit * * *, future installments could not be considered in determining whether the jurisdictional amount was involved, even though the judgment would be determinative of liability for future installments as they accrued."

So far from being an authority for plaintiffs in this case, we think the Supreme Court decision by implication supports affirmance of the judgment of the District Court. The Aetna Casualty & Surety Co. case, supra, involved Tennessee law. The instant case involves Michigan law. Under the Michigan decisions, judgment can be entered only for the installments due and paid, and the installments here paid amounted to less than $3,000.

The judgment must also be affirmed as to the two questions raised by the defendant in the special defenses. The first count of the complaint was brought by the employer in conformity with statute. The employer's connection with and interest in the right of action created by § 17.189, Mich.Stat.Ann., depend upon the construction of the statute upon which the Supreme Court of Michigan has spoken with final authority. Cf. Thames v. State of Mississippi, etc., 5 Cir., 117 F.2d 949, 951, 136 A.L.R. 926.

If the insurance company were authorized to bring this action, the fact that it is a Massachusetts corporation would have to be considered in testing diversity. This would be a federal question on which this court would be bound not by the decision of the Michigan court, but by the federal decisions. But no such question is reached in the instant case, for under the Michigan statute and decisions the foreign corporation cannot prosecute the claim for subrogation.

 The employer, and the employer only is authorized to enforce the right of subrogation. Michigan Employers Casualty Co. v. Doucette, 218 Mich. 363, 188 N.W. 507. The employer is the real party in interest and the actual plaintiff. John Deere Plow Co. v. Ortner, supra. As the employer and the negligent tortfeasor are both residents of Michigan, no diversity of citi-

zenship exists and dismissal of count I was required.

■ The second count likewise was fatally defective because it was instituted by a foreign corporation which under the Michigan Workmen's Compensation Law was not authorized to institute the action. The statute provides that "the employer may enforce for his benefit or for that of the insurance company * * * the liability of such other person." In Michigan Employers Casualty Co. v. Doucette, supra, it was held that "The statute confers the right by way of subrogation. Such right, however, is conferred upon the employer only * * *." This holding was cited with approval by the Supreme Court of Michigan in Utley v. Taylor & Gaskin, Inc., 305 Mich. 561, 9 N.W.2d 842. As stated by Judge Tuttle in John Deere Plow Co. v. Ortner, supra [11 F.Supp. 376]: "It is plain that under this statute the Globe Indemnity Company [the insurer] could not maintain this suit as plaintiff. The only party who can bring the suit as plaintiff is the John Deere Plow Company [the employer] * * *."

■ Plaintiffs' answer to these decisions is (1) that they are wrong; and (2) that this court is not bound by them. Both of these contentions have no merit. This court is not invested with jurisdiction to set aside or ignore decisions of state courts which are claimed to be "wrong" for one reason or another, including that asserted by plaintiffs here, namely, that the Doucette case is inconsistent with the policy of the state legislature and the Michigan Supreme Court "in related matters." Moreover, this court is bound by the decisions of the state courts adjudicating a state statute where no federal question is involved. It is not contended that § 17.189 violates the Federal Constitution or any law of Congress. The amount of recovery permitted under the statute and prescribed in City of Grand Rapids v. Crocker, supra, presents no federal question. The fact that under this statute the employer is the sole person authorized to sue presents no federal question. The rights of subrogation created by the Michigan Workmen's Compensation Law are to be exercised in ac-

cordance with the terms of the statute. The Michigan Supreme Court is authorized to interpret this statute and its holding binds the litigants and this court.

The judgment of the District Court is affirmed.