LEWIS B. MONDAY AND ORVILLE C. MONDAY, d/b/a MONDAY TRUCKING COMPANY *et al. v.* RONALD F. MILLSAPS.

(*Knoxville,* September Term, 1953.)

Opinion filed May 21, 1954.

FOWLER, LONG & FOWLER and WILBUR W. PIPER, all of Knoxville, for petitioners LEWIS B. and ORVILLE C. MONDAY.

FLOYD H. BOWERS, and TAYLOR H. Cox, both of Knoxville, for petitioner ROLAND PRINCE, Adm'r of Estate of Thomas G. Clynes.

FRANK W. WILSON, of Oak Ridge, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

These petitioners for certiorari were defendants in a tort action in the Circuit Court wherein a verdict, and a judgment thereon, in the amount of $109,000 was entered on March 21, 1952. Their motion for a new trial filed on

April 3 was overruled on September 6, except that a remittitur in the amount of $19,000 was ordered and judgment was entered at that time in that Court for that amount.

When the judgment of the Circuit Court was affirmed by the Court of Appeals it calculated interest on the $90,000 judgment from March 21, 1952. The contention made in the Court of Appeals by these petitioners for certiorari was that interest should have been calculated from September 6, 1952, that being the date on which judgment was entered after overruling the motion for a new trial on that date. In support of that contention they referred the Court to *Tennessee Electric Power Company* v. *Hanson,* 18 Tenn. App. 542, 550-551, 79 S. W. (2d) 818, 823. There the Court, after some discussion of the question stated, held that: "It is clear, therefore, from these rules and decisions, that the judgment upon which interest is to be calculated is the final judgment entered when the motion for new trial is overruled."

The reply of the Court of Appeals in the case at bar was that this holding in Tennessee Electric Power Company v. Hanson "was repealed by implication in a comparatively recent decision of our Supreme Court in the case of *Shepard* v. *Lanier,* 192 Tenn. 608, 241 S. W. (2d) 587, in which the Court said: 'Ordinarily and usually a judgment becomes actionable at the time of its rendition and entry. *Sweetser* v. *Fox,* 43 Utah 40, 134 P. 599, 47 L.R.A.,N.S., 145, Ann. Cas. 1916C, 620, 625. A judgment is rendered when ordered or pronounced by the Court. *Southern Mortgage Guaranty Corp.* v. *King,* 168 Tenn. 309, 77 S. W. (2d) 810.' " The judgment entered on March 21, 1952 in the case at bar immediately after the verdict of the jury, and before the motion for a new trial was filed, was the judgment which Code Section 10093 (3)

requires the Clerk to enter by providing that it is his duty "to enter up judgment of the court on its records, after the verdict of the jury."

While the language which the Court of Appeals quoted from *Shepard* v. *Lanier,* supra, might, when literally construed, be taken to have the effect stated by the Court of Appeals, nevertheless, it was not so intended by this Court. Shepard v. Lanier was dealing with an entirely different question from that with which the case at bar is concerned. We think that its language above quoted should not be construed as overruling, or intending to overrule, the holding in Tennessee Electric Power Company v. Hanson.

██ Tennessee Electric Power Company v. Hanson decided the effect of the statutes carried at Code Sections 7308 and 10093(3). Regardless of whether that holding was or was not sound, as an initial proposition, it has been accepted as the applicable rule for approximately twenty years. Our legislature has convened in regular session numerous times during that period. It has not, however, elected to modify the rule as enunciated in that decision. "Decisions long acquiesced in, which constitute rules of property or trade, or upon which important rights are based, should not be disturbed, even though erroneous as original holdings. * * * Decisions construing the Constitution or acts of the Legislature should be followed, in the absence of cogent reasons to the contrary, inasmuch as it is of the utmost importance that our organic and statute law be of certain meaning and fixed interpretation." *State ex rel. Pitts* v. *Nashville Baseball Club,* 127 Tenn. 292, 303, 154 S. W. 1151, 1154.

██ This Court thinks it important at this late date to adhere to the rule enunciated in Tennessee Electric Power Company v. Hanson. Accordingly, it is of the

opinion that the decree of the Court of Appeals should be modified so as to compute interest on the judgment from September 6, 1952, that being the date judgment was entered after overruling the motion for a new trial.

However, this Court is without jurisdiction to modify the judgment of the Court of Appeals unless it grants the writ. If it grants the writ, the litigants are entitled to oral argument of the question at the bar of this Court, Code Section 10629, unless they elect to waive that right. This will cause a further delay of at least several months in a case in which the judgment is large, and is bearing interest. It is for that reason that we are adopting this unusual procedure, and because it appears that the excellent briefs have said about all either party may effectively say.

The writ will be granted. If the parties desire to present oral argument the case will follow the usual course. If not, we take it that a decree in conformity with this opinion will be prepared by the parties and entered. Judge Swepston did not participate in the consideration of this case.