MONTGOMERY WARD & CO., Incorporated, Appellant,

v.

Norman E. MORRIS, Appellee.

No. 13879.

United States Court of Appeals
Sixth Circuit.

Jan. 12, 1960.

F. Clay Bailey, Jr., Nashville, Tenn., and David L. Dickson, Chicago, Ill., Ferriss C. Bailey, Nashville, Tenn., on brief for appellant.

A. B. Neil, Jr., Nashville, Tenn., for appellee.

Before McALLISTER, Chief Judge, MILLER, Circuit Judge, and BROOKS, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

In a tort action for malicious prosecution, the jury returned a verdict for appellee, awarding him compensatory damages in the amount of $25,000. The jury rejected appellee's claim for punitive damages.

Appellant's motion for a new trial, based on the contention that the verdict was excessive and given under the influence of passion and prejudice, was overruled by the District Judge. On appeal, this Court was of the opinion that the District Judge, in passing upon the motion for a new trial, erroneously considered evidence which had been properly received on the question of punitive damages, but which should not have been considered on the question of compensatory damages. The order overruling the motion for a new trial was set aside and the case remanded to the District Court for reconsideration of said motion in the light of the evidence bearing only on the issue of compensatory damages. Montgomery Ward & Co. v. Morris, 6 Cir., 260 F.2d 504.

In remanding the case, this Court expressed the opinion that under the facts shown by the evidence a substantial remittitur would have been justified, citing two Tennessee cases, Tennessee law being applicable, which involved excessive damages in malicious prosecution cases.

On remand, the District Judge reread the record in the case and reconsidered appellant's motion for a new trial in accordance with the views expressed in the opinion of this Court. Although the District Judge was of the opinion that he had not given consideration in making his prior ruling to any evidence not properly bearing on the issue of compensatory damages, he nevertheless gave consideration to the view of this Court that a substantial remittitur was justified, and suggested a remittitur of $7,500, together with the statement that if accepted by the appellee, the appellant's motion for a new trial would be overruled. The remittitur was accepted by the appellee, and judgment was entered on March 29, 1959, for the appellee in the amount of $17,500, with interest from October 31, 1957, which was the date on which he had originally overruled appellant's motion for a new trial. This second appeal followed.

We do not agree with appellant's contention that the District Judge refused to follow the mandate of this Court. On the contrary, we think he followed it carefully. He reconsidered the motion for a new trial in the light of the evidence properly received on that issue. He adopted this Court's suggestion of a remittitur.

Appellant's contention that this Court by its opinion and mandate impliedly directed that a much larger remittitur should have been suggested by the District Judge so as to reduce the final judgment to an amount consistent with the reduced amounts of the judgments in the two Tennessee cases referred to, has no merit. This Court did not order that any remittitur be made. Whether a remittitur should be suggested to the parties, and the amount thereof if so suggested, was a matter left to the discretion of the District Judge.

Accordingly, the question which we have presented to us is whether, notwithstanding the remittitur, the final judgment is so excessive as to justify this Court to order a new trial. The power of this Court to review and set aside an order of the District Court overruling a motion for a new trial based on alleged excessive damages, is very limited. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481–483, 53 S.Ct. 252, 77 L.Ed. 511; Werthan Bag Corp. v. Agnew, 6 Cir., 202 F.2d 119, 122–123; Spero-Nelson v. Brown, 6 Cir., 175 F.2d 86, 89. It is not sufficient that the verdict is considerably larger than we think it should have been. In the absence of a showing of passion and prejudice on the part of the jury, the trial court's action in overruling a motion for a new trial where a factual question is involved, will not be reviewed by this Court unless it involves an abuse of discretion. Spero-Nelson v. Brown, supra, 175 F.2d 86, 89.

The District Judge was of the opinion that there was nothing to indicate that the jury was influenced by passion or prejudice. In fixing the amount of damages, there are many intangible factors to be weighed and considered by a jury. Imperial Oil, Ltd. v. Drlik, 6

Cir., 234 F.2d 4, 10–11. While we think the verdict was large, we cannot say that under the facts of this case, it was an abuse of discretion for the District Judge to suggest a remittitur of only $7,500.00 and, upon its acceptance by the appellee, to overrule appellant's motion for a new trial.

■■■ Appellant also contends that the District Judge should not have allowed interest on the reduced judgment from October 31, 1957, the date of the original order overruling appellant's motion for a new trial, instead of from March 20, 1959, when the present final judgment was entered. This contention is in accord with the rulings in Monday v. Millsaps, 197 Tenn. 295, 271 S.W.2d 857, and Tennessee Electric Power Co. v. Hanson, 18 Tenn.App. 542, 550–551, 79 S.W.2d 818, 823, wherein it was held that the judgment upon which interest is to be calculated is the final judgment entered when the motion for a new trial is overruled. As stated in Monday v. Millsaps, supra, regardless of whether the established Tennessee rule is sound or not sound as an initial proposition, it has been accepted as the applicable rule for approximately twenty years and should be adhered to. Under the ruling in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the federal court in a diversity action must accept the ruling of the state court, even though in its opinion it is an erroneous one. Milan v. Kausch, 6 Cir., 194 F.2d 263, 266; Doggrell v. Southern Box Co., 6 Cir., 208 F.2d 310.

■■■ In the present case there were two orders overruling the motion for a new trial, one before the appeal and one after the appeal. The District Judge allowed interest from the first order. However, that order was not a valid order and was subsequently set aside on appeal. The final judgment in the case and the only valid order overruling the motion for a new trial was not entered until March 20, 1959. In our opinion, under the Tennessee rule, interest should run from that date.

The judgment will be modified so as to allow interest from March 20, 1959, instead of from October 30, 1957, and as so modified, is affirmed.