IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL SESSION, 1999

FILED

May 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,      )
                         )
        Appellee,        )        No. 02C01-9806-CR-00169
                         )
                         )        Shelby County
v.                       )
                         )        Honorable Joseph B. Brown, Jr., Judge
                         )
RICKEY CRAWFORD,         )        (Theft of property over $1000; criminal
                         )         attempt to commit first degree murder)
        Appellant.       )


### CONCURRING OPINION


I concur with the result and most of the reasoning in Judge Hayes' opinion. I respectfully differ in my analysis of the circumstances that allow for consecutive sentencing. First, as for the defendant being a dangerous offender under Tenn. Code Ann. § 40-35-115(b)(4), I note that the trial court found this circumstance to apply because of the defendant's history of violent crime. I agree with that assessment.


Second, I disagree with my colleague's conclusion that Tenn. Code Ann. § 40-35-115(b)(2), relative to "an offender whose record of criminal activity is extensive," does not apply in this case. Judge Hayes' opinion states that the statutory and case law show that this subsection applies only to extensive criminal activity relating to the offenses for which the defendant is being sentenced, not relating to his prior record. However, I believe such a limited view ignores the wording of the statute and goes against the great majority of the Tennessee cases in which 115(b)(2) has been applied.

First, I acknowledge that in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976), our supreme court used the description of "an offender whose record of criminal activity is extensive" for a "multiple offender" relative to persons who commit multiple offenses while having no prior convictions. Also, I acknowledge that the Sentencing Commission Comments to Tenn. Code Ann. § 40-35-115 state that the "persistent" offender category, the designation in Gray for persons with previous convictions, was not placed in the consecutive sentencing statute. In this respect, I acknowledge that Gray and the Comments, considered together, leads one to interpret the statute as Judge Hayes has.

However, since the 1989 Sentencing Act became effective, all reported and most unreported cases of this court have consistently interpreted Tenn. Code Ann. § 40-35-115(b)(2) to apply to offenders who have an extensive history of criminal convictions and activities, not just to a consideration of the offenses before the sentencing court. See, e.g., State v. Baker, 956 S.W. 8, 18 (Tenn. Crim. App. 1997); State v. Ensley, 956 S.W.2d 502, 514 (Tenn. Crim. App. 1996); Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); State v. Nix, 922 S.W.2d 894, 904 (Tenn. Crim. App. 1995); State v. Tuttle, 914 S.W.2d 926, 933 (Tenn. Crim. App. 1995); State v. Marshall, 888 S.W.2d 786, 787 (Tenn. Crim. App. 1994); State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994); Manning v. State, 883 S.W.2d 635, 640 (Tenn. Crim. App. 1994); State v. Davis, 825 S.W.2d 109, 113 (Tenn. Crim. App. 1991). The interpretation used in these cases is supported by a reasonable understanding of the language of 115(b)(2), i.e., an offender's record of criminal activity denotes his or her history of criminal activity. Moreover, this interpretation logically fills the gap between the professional criminal, see Tenn. Code Ann. § 40-35-115(b)(1), and the multiple offender with no previous criminal history as discussed by the majority opinion.

2

I believe that this court's interpretation of 115(b)(2) for the past eight years, upon which trial courts and parties have relied, now carries the weight of the doctrine of <u>stare</u> <u>decisis</u>, embodying a judicial policy to adhere to previous court decisions. This doctrine is based upon the public's need to rely upon court decisions, and it recognizes that rights may accrue in reliance upon those decisions. It has particular importance when a decision involves the interpretation of a statute. <u>See</u>, <u>e.g.</u>, <u>Monday v. Millsap</u>, 197 Tenn. 295, 298, 271 S.W.2d 857, 858 (1954). In this respect, holding today that 115(b)(2) does not relate to prior histories of criminal activity will result in unnecessary litigation in the future regarding formerly sentenced people. Also, the legislature has convened in regular sessions during the past eight years without electing to modify this court's interpretation of 115(b)(2). Because this interpretation is rational and functional for the criminal justice system, <u>stare</u> <u>decisis</u> should prevail. Under these circumstances, I would consider us bound to apply the same interpretation in the present case. I am authorized to state that Senior Judge Lafferty concurs in this opinion.

_____
Joseph M. Tipton, Judge