524

STREETMAN v. RICHARDSON et al.—266 S. W. (2d) 838.

Middle Section. October 30, 1953.

Rehearing denied December 4, 1953.

Petition for Certiorari denied by Supreme Court, February 11, 1954.

James O. Nolan, of Clarksville, and R. C. Boyce, Jr., of Nashville, for plaintiff.

Maclin P. Davis, Jr., of Nashville, for defendant.

HOWELL, J. This is a suit for damages for false arrest and malicious prosecution filed by the plaintiff, Paul Streetman, against the defendants, C. C. Richardson, Edward Mayes and L. L. Thaden.

The declaration alleges that in August 1951, the defendant C. C. Richardson was the owner of a used car lot in Nashville and doing business as Rich's Auto Town, that the defendants L. L. Thaden and Edward Mayes were employed by defendant Richardson at this used car lot; that on August 28, 1951, the defendant Thaden maliciously and without probable cause swore out a States Warrant against the plaintiff charging him with the offense of fraudulently obtaining property by means of a worthless check for $77.00; that the defendant Mayes appeared before the Grand Jury and as a result the plaintiff was indicted and that upon his trial before a Judge and jury in the Criminal Court he was acquitted by the jury. It is further alleged that C. C. Richardson and Edward Mayes testified at the trial in the Criminal Court. The declaration further alleged that the prosecution of him in

the Criminal Court was malicious, wanton and wilful upon the part of the defendants Richardson, Thaden and Mayes and was instituted solely for the purpose of embarrassing and humiliating the plaintiff and forcing him to pay a sum that he did not owe the defendants. It is further alleged that as a result of this prosecution, the plaintiff suffered great embarrassment and humiliation and was forced to spend large sums for counsel fees and bonds and was also greatly damaged in his employment and reputation.

The defendants Thaden and Mayes did not make any defense and a default judgment was rendered against them.

The defendant Richardson filed a plea of not guilty.

Upon the trial in the Circuit Court before the Court and a jury the defendant did not offer any proof, and the case was heard upon the pleadings and exhibits and the testimony of the plaintiff and his witnesses.

The jury returned a verdict against all three of the defendants for $7,500.00, which was approved by the trial Judge.

By proper procedure the defendant Richardson has appealed in error to this Court and has assigned errors.

█ There is no merit in the assignment of error that there is no evidence to support the verdict against the defendant Richardson. He was the owner of the business and the other two defendants were his employees.

The statement of plaintiff's attorney upon the trial that the defendant Richardson testified before the Grand Jury did not materially affect the result of the case. He did testify upon the trial in the Criminal Court.

The next assignment is that the verdict is excessive. We find that there is merit in this assignment.

Since the passage of Chapter 253 of the Acts of 1949, it is not necessary for the Court to find that a verdict is so excessive as to indicate passion, prejudice, corruption, partiality, or unaccountable caprice on the part of the jury. The Court may only consider whether or not the verdict "should be reduced."

In this case the plaintiff was not confined by reason of the indictment and his expenses in connection with his trial and his loss of time on account of it amounted to less than $300.00. He did suffer embarrassment and humiliation and is entitled to recover therefor.

■ We are therefore of the opinion that the amount of $7,500.00 is excessive for the damages sustained and that the sum of $3,000.00 would amply compensate the plaintiff. We therefore suggest a remittitur of $4,500.00 reducing the judgment to $3,000.00. In the event this remittitur is accepted by the plaintiff within twenty days from this date, a judgment will be entered against the defendant Richardson for $3,000.00 and the costs. If however, the remittitur is not accepted within the above mentioned time the judgment will be reversed and the case remanded to the Circuit Court of Davidson County for a new trial and all costs of the appeal will be adjudged against the plaintiff in the trial Court, the defendants in error here.

Modified and affirmed.

Felts and Hickerson, JJ., concur.

## On Petition to Rehear

HOWELL, J. In this case we are presented with a petition to rehear in which it is stated that there is no evidence in the record that the other defendants were employees of the defendant Richardson.

No matter not considered and covered in the original opinion is presented by this petition and it is therefore dismissed at the cost of petitioner.

Petition denied.

Felts and Hickerson, JJ., concur.