FRED THOMAS

*v.*

MRS. JAMES P. HODGES and JAMES P. HODGES.

(*Jackson,* April Term, 1956)

Opinion filed February 8, 1957.

MARVIN J. BRODE, Memphis, for plaintiff in error.

NELSON, NORVELL & FLOYD, Memphis, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a personal injury suit wherein the plaintiff, Fred Thomas, received personal injuries when struck by an automobile driven by the defendant, Mrs. Hodges, and owned by her husband, while plaintiff was walking across Main Street in Memphis, Tennessee, at or near the intersection of Main and Market Streets. The accident happened about 9:00 P.M. on the night of April 5, 1955. The case was submitted to a jury and that body, after deliberating less than five minutes, returned a verdict in favor of the defendant.

The suit was dismissed and the plaintiff appealed in error to the Court of Appeals and there plaintiff's assignment of error Number Two was sustained and the case reversed. We have heretofore granted *certiorari*.

Here is the only question presented:

Upon the plaintiff's *voir dire* examination of jurors, he asked the jurors if any of them had ever been a defendant in a lawsuit, and they all remained silent, after which plaintiff's attorney stated further to the jury as a group, in substance that by their silence he assumed that all meant "no", and they continued to remain silent.

After the jury returned a verdict in favor of the defendant, plaintiff's attorney learned that one of the

jurors, Mr. Cortese, had a short time prior to the trial in this case been sued as a partner doing business under the name of Crosstown Cleaners.

Upon the motion for a new trial Mr. Cortese testified that he remembered the question being asked and failed to answer because he thought that a suit against him as a partner was different from a suit against him as an individual. He also testified that such fact did not interfere with his decision in the case; that his verdict and that of the other jurors were based solely on the evidence. The trial judge overruled the motion for a new trial.

At the time the jury was selected the plaintiff had used two of his three challenges and had one peremptory challenge left. Plaintiff insists that if he had known that Mr. Cortese had been a defendant in a civil suit he would have used his last challenge to keep him off the panel.

It seems to us that this situation here presented should be covered by the so-called "Harmless Error-Statutes" which appears in Tenn. Code Annotated as Sections 27-116 and 27-117. These sections have been frequently discussed and applied in some of our cases. See *Mahon v. State,* 127 Tenn. 535, 156 S.W. 458; *Kirkendoll v. State,* 198 Tenn. 497, 281 S.W.2d 243, 248.

In the last cited case the Court said:

"* * * under our Harmless Error Statute, Code Section 10654 (Williams' Tenn. Code of 1932), that when an unbiased and fair juror is selected that even though the right of peremptory challenge has been denied this constitutes harmless error."

In its opinion, the Court of Appeals relied upon the case of *Druey v. Franke,* 247 Ky. 758, 57 S.W.2d 969, 88

A.L.R. 917. However, it should be stated that Kentucky does not have any harmless error statute, and secondly there are statements made in the opinion in the Kentucky case which we cannot agree to.

The trial judge heard all of the evidence in the case and he reached the conclusion that the plaintiff had been accorded a fair and impartial trial. Mr. Cortese stated that he tried the case solely upon the record presented in the present case. All of the facts and circumstances indicate that he was a fair and unbiased juror.

It results that the judgment of the Court of Appeals is reversed and that of the Circuit Court affirmed.