**Charlie E. MAY, Appellant,**

v.

**ELLIS TRUCKING CO., Inc., Appellee.**

**No. 12974.**

United States Court of Appeals
Sixth Circuit.

March 6, 1957.

Clarence Clifton and John B. Mack, Memphis, Tenn., for appellant.

Ferber S. Floyd (of Nelson, Norvell & Floyd), Memphis, Tenn., for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

In a suit for personal injuries arising from an automobile accident, appellant was awarded a jury verdict of $42,500. On motion for a new trial, the district court entered judgment for $25,000 without obtaining the consent of appellant, concluding that in view of the testimony on the extent of injury the "verdict was so excessive as to shock the conscience of the Court." There is no question under these circumstances that the trial judge had the discretionary power to order a new trial, but the district court committed error by reducing the verdict without giving appellant the option of either accepting a remittitur or of having a new trial. Kennon v. Gilmer, 1889, 131 U.S. 22, 27–30, 9 S.Ct. 696, 33 L.Ed. 110; Dimick v.

Schiedt, 1935, 293 U.S. 474, 482–485, 55 S.Ct. 296, 79 L.Ed. 603.

Upon remand the district court will have the power either to grant or deny a new trial generally or to deny a new trial on the condition that appellant accept a judgment for a lesser amount than the jury verdict.

The judgment is set aside and the case is remanded to the district court for reconsideration of the motion for a new trial.