**MONTGOMERY WARD & CO., Incorporated, Appellant,**

v.

**Norman E. MORRIS, Appellee.**

No. 13468.

United States Court of Appeals
Sixth Circuit.

Nov. 4, 1958.

Ferriss Clay Bailey, Jr., Nashville, Tenn., Ferriss C. Bailey, Nashville, Tenn., on the brief, David L. Dickson, Chicago, Ill., of counsel, for appellant.

A. B. Neil, Jr., Nashville, Tenn., for appellee.

Before MILLER, Circuit Judge, and JONES and THORNTON, District Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

In February, 1956, employees of appellant's Nashville, Tennessee, retail store cashed a check in the amount of $50.00 payable to Norman E. Morris for a person identifying himself by that name. This person gave an address in Nashville which was the same as that of appellee. The endorsement proved to be forged. Appellant's cashier made demand on appellee that he make the check good. Appellee contended that he was not the person who cashed the check and offered to come to appellant's store and present himself for identification in order that the mistake be corrected. He gave a description of himself, which differed materially from that of the party who cashed the check. He was told that his appearance at the store was unnecessary. Despite appellee's protest that he was not the individual who cashed the check, appellant's collector had a warrant issued for his arrest. He was arrested and indicted on a charge of forgery and passing a forged instrument. He was tried and acquitted, due to inability of appellant's employees to identify him.

In this action for malicious prosecution arising out of the foregoing facts, filed by the appellee and tried in the District Court, the jury returned a verdict for the appellee for $25,000.00 damages. Judgment was entered against the appellant for $25,000.00. On this appeal no question is raised as to liability. Only the amount of the verdict is challenged. Although the case was correctly submitted to the jury under instructions authorizing it, in case of liability, to award both compensatory and punitive damages, the foreman of the jury expressly stated in answer to questions of the Court at the time the verdict was rendered that its award of $25,000.00 was for compensatory damages alone and did not embrace any punitive damages.

Appellee's special damages, such as lost time, attorney's fees and miscellaneous expenses totaled $875.00. He was married and had two children, eight and fourteen years of age. He was a truck-body builder and welder, employed as a foreman in a Nashville, Tennessee, plant, earning approximately $100.00 a week. When arrested at his home in the evening the police permitted him to drive his own car to the Court House

where he made bond through a professional bondsman. He appeared in court twice, the case being tried on the second occasion. Excepting his attorney and witnesses, he did not see anyone he knew. The trial lasted from approximately 9:30 A.M. to 3:00 or 4:00 P.M. He was acquitted. He was not incarcerated at any time. His employment was not affected. His health was not affected. His credit was not affected. He apparently suffered no loss of standing among his friends and acquaintances. The evidence does not show any newspaper publicity, but a few of his friends heard about it and briefly discussed it.

The Court instructed the jury that punitive damages were discretionary on its part, but that they could not be awarded "unless the conduct of the defendant is so gross and careless and reckless that it indicates a wilfulness or wilful intent to inflict harm upon the plaintiff." No objection was made to this charge. With respect to punitive damages, the Court told the jury that if it did award such damages it was proper to look to the financial standing and ability of the appellant to determine the amount of such damages. There had been introduced in evidence a stipulation that appellant had $21,805,573 in cash and $176,385,658 in securities and that its net worth on January 31, 1957, was $648,767,051.

The appellant moved to set aside the verdict and grant a new trial in that the verdict was contrary to law, excessive and given under the influence of passion, prejudice and caprice. In overruling the motion the District Judge correctly stated the rule that it was for the jury to fix the amount of the damages and unless there was some prejudice or passion on the part of the jury or unless the verdict was not supported by substantial evidence, it was the duty of the Court to sustain the verdict. He stated that this was particularly true in a case where there were so many intangible factors involved, as in a case of malicious prosecution. However, in reviewing the evidence the Judge also stated that the proof showed that the charge was made against the appellee with very little reason at all to believe that he was the guilty party, at least without making any investigation to determine whether or not he was the guilty party, and that the record disclosed a degree of recklessness in making the charge which was rather unusual in this kind of a case, particularly for a responsible business. In concluding his remarks he indicated that he considered both the evidence introduced relating to compensatory damages and the way the charge was made.

In view of the charge previously given to the jury, correctly drawing the distinction between compensatory and punitive damages, the remarks of the District Judge concerning the reckless way in which the charge was made against the appellee, although in our opinion fully sustained by the evidence, included, probably inadvertently, an improper element for the District Judge to consider in determining whether the amount of compensatory damages was excessive.

■ The right of the trial judge to suggest and approve a remittitur in lieu of granting a new trial when he is of the opinion that the verdict is grossly excessive is well settled. Dimick v. Schiedt, 293 U.S. 474, 482–485, 55 S.Ct. 296, 79 L.Ed. 603; Massee v. Williams, 6 Cir., 207 F. 222, 235. Under the facts of this case we are of the opinion that a substantial remittitur would have been justified. Streetman v. Richardson, 37 Tenn.App. 524, 266 S.W.2d 838, certiorari denied by Tennessee Supreme Court; Ernst v. Bennett, 38 Tenn.App. 271, 273 S.W.2d 492, certiorari denied by Tennessee Supreme Court. But when the trial judge does not suggest a remittitur and overrules a motion for a new trial, there is some difference of opinion in the authorities as to the right of the appellate court to review and set aside such order. Sec. 2106, Title 28, U.S.Code; Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Reisberg v. Walters, 6 Cir., 111 F.2d 595, 596–598; Werthan Bag Corp. v. Agnew, 6 Cir., 202 F.2d 119, 122. See: Spero-Nelson v. Brown, 6

Cir., 175 F.2d 86, 89; Virginian Ry. Co. v. Armentrout, 4 Cir., 166 F.2d 400, 407, 4 A.L.R.2d 1064; Bucher v. Krause, 7 Cir., 200 F.2d 576, 585–587; Boyle v. Bond, 88 U.S.App.D.C. 178, 187 F.2d 362, 363.

In the present case we do not have the bare question of alleged abuse of discretion in overruling the motion for a new trial. The remarks of the trial judge in passing on the motion for a new trial indicated a consideration by him of a factor that is not properly included in an award of compensatory damages. The issue presented is accordingly one of law rather than one of fact. Reisberg v. Walters, supra, 111 F.2d 595, 596–598.

The order overruling the motion for a new trial is set aside, and the case remanded to the District Court for reconsideration of said motion in accordance with the views expressed herein.