18

WILLIAM F. MEACHAM, Petitioner,

*v.*

J. M. WOODS, Respondent.

(*Jackson*, April Term, 1959.)

Opinion filed March 12, 1959.

On Rehearing June 5, 1959.

HARRY P. RUBERT, RICCO GATTI, JR., JESS D. EWING, Memphis, for petitioner.

NELSON, NORVELL & FLOYD, A. DAVID CRAWLEY, Memphis, for respondent.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Meacham sued J. M. Woods for damages for personal injuries by reason of his having been struck by the automobile owned and operated by Woods a little after six o'clock in the morning of February 14, 1955, on Airways Boulevard, which is the main highway leading from the city to the Memphis Airport.

On the first trial there was a verdict in favor of the defendant Woods; but this verdict was set aside and a new trial granted. That trial began on May 21, 1956. On the second trial on May 28, 1957, there was a verdict for plaintiff in the amount of $9,500 and costs.

Defendant filed a wayside bill of exceptions under T.C.A. sec. 27-111 and after the second trial and verdict and judgment against defendant, he, on his appeal to the Court of Appeals, assigned as error the action of the

Court in granting a new trial after the first trial, as permitted by T.C.A. sec. 27-108.

The assignment of error arises out of the action of the trial judge based on the theory that one of the jurors, George Haskell, was a biased juror because of his alleged knowledge of the accident at the time it occurred. The plaintiff's motion for a new trial charged that this juror had answered on the *voir dire* examination that he had not formed or expressed an opinion as to the accident when as a matter of fact, it was alleged that he did form an opinion about material facts in the case and that such was not known to the plaintiff's attorneys until after the trial.

It was also charged that the information possessed by this juror had been communicated to other members of the jury. It developed, however, beyond any controversy that there was no merit in this second charge.

The first trial of this case occurred a year and three months after the accident. Then about a week after the granting of the motion for new trial, the attorneys for the plaintiff obtained an affidavit from this juror Haskell, the contents of which need not be stated at this time. On the motion for new trial Haskell appeared in person and testified and the court after considering his affidavit and his testimony, wrote a memorandum in which he exonerated this juror of any misconduct with reference to the *voir dire* examination but he came to the following conclusion:

"However, the Court has reached the conclusion that during the progress of the trial when emphasis was placed upon the blinking red light on the traffic car

called to investigate the accident, Mr. Haskell did associate the 'blinking red light' which he had seen several months before with the lawsuit on trial and that he did make deduction of facts which he took into consideration in arriving at a verdict in the case, although he did not reveal such facts to his fellow jurors.''

The trial judge then referred to *Kunk v. Howell,* 40 Tenn.App. 183, 289 S.W.2d 874, and *Held* that, although he could not criticize this juror too severely by reason of his lack of court procedure, he should have spoken up when he realized that he had knowledge of some of the facts in regard to this accident and that his failure to do so made him an improper juror on the case. The Court held also that the harmless error statute did not apply because there was involved the question of a constitutional right to a fair and impartial trial, citing *Durham v. State,* 182 Tenn. 577, 188 S.W.2d 555, 160 A.L.R. 746.

In the Court of Appeals the battle was waged on the question of whether or not the trial judge was correct in his conclusion as to whether or not this man was a fair and impartial juror. The Court of Appeals accordingly considered the affidavit and the testimony of this juror on the motion for a new trial and reached the conclusion that the trial judge was in error and as a result thereof it reinstated the verdict in favor of the defendant on the first trial. The Court of Appeals expressly held that the trial judge had abused his discretion.

The question is not free from doubt and when the petition for certiorari first came to our attention, we declined to grant the petition. On further consideration, however, of the conflict, either apparent or real, between the statement in the affidavit of this juror and his testi-

mony on the stand as well as between parts of his testimony measured against other parts, we have concluded that there is material evidence to support the action of the trial judge; especially in view of his more advantageous position of having been able to see and observe the juror as he testified in open court on the motion for a new trial.

■ The rule is well established that where there is some material evidence to support the finding of the trial judge on matters of this kind, his action is conclusive on the appellate courts. *Knoxville Iron Co. v. Pace,* 101 Tenn. 476, 48 S.W. 232; *Hall-Moody Institute v. Copass,* 108 Tenn. 582, 69 S.W. 327; *Gulf Refining Co. v. Frazier,* 15 Tenn.App. 662; *Stanford v. Holloway,* 25 Tenn.App. 379, 157 S.W.2d 864; *Hamilton v. Carter,* 14 Tenn.App. 337; *Rice Bros. Auto Co. v. Ely,* 27 Tenn. App. 81, 178 S.W.2d 88; *Wileman v. Mayor and Aldermen of Town of Tullahoma,* 29 Tenn.App. 172, 177, 195 S.W.2d 325.

The other principal question discussed by the Court of Appeals relating to the reinstatement of original verdict, therefore, becomes immaterial and need not be further mentioned.

We notice that the original defendant Woods appealed and assigned error in the Court of Appeals with reference to the second trial. Those matters, however, are not before us for the reason that such questions have not been preserved as required by T.C.A. sec. 27-823.

The judgment here is, therefore, that with reference to the first trial the judgment of the Court of Appeals is reversed and that of the trial court is affirmed. Costs are adjudged against the original defendant Woods.

## On Petition to Rehear

A petition to rehear has been filed in behalf of J. M. Woods raising two questions with reference to our opinion in this case filed on March 12, 1959.

The first question relates to the next to the last paragraph of same in which we held that we could not consider the matters assigned as error in behalf of Woods in the Court of Appeals with reference to the second trial because, as we stated, such questions have not been preserved as required by T.C.A. sec. 27-823.

■ The brief in support of said petition to rehear has cited and discussed at length a number of cases including and following *Railroad v. Scott*, 87 Tenn. 494, 11 S.W. 317, in which the practice with regard to wayside bills of exceptions was involved. We do not deem it necessary to discuss those cases because there is not and has not been for many years any doubt about the general procedure, i. e., the appellate court must examine the bill of exceptions relating to the first trial first before proceeding to examine the bill of exceptions relating to any subsequent trial.

The real question is whether or not said Code Section 27-823 applies to the situation existing in this case, as we assumed in our previous opinion that it did.

Counsel for William F. Meacham, in response to this phase of the petition to rehear, have cited *Independent Life Ins. Co. v. Hunter*, 166 Tenn. 498, 63 S.W.2d 668, and *General Outdoor Advertising Co. v. Coley*, 23 Tenn. App. 292, 131 S.W.2d 305, 309.

In the first of these two cases, no wayside bill of exceptions was involved. In the second case, there was a wayside bill of exceptions but as we shall point out in a moment, in that case the action with regard to the bill of exceptions on the first trial was determinative of the entire controversy, but the same is not true in the instant case. The facts in the Coley case, supra, were as follows: The plaintiff sued Hardy, the owner of the vehicle, obtained a judgment against him and for the purpose of this discussion we may further disregard that fact. At the same time plaintiff sued General Outdoor Adv. Company on the theory of *respondeat superior*. On the first trial the jury was unable to agree and a mistrial was entered. The Advertising Company filed a motion for a new trial on the ground that the trial judge had refused erroneously to grant a directed verdict as to it at the close of all of the evidence. The motion was overruled and the defendant excepted and filed a wayside bill of exceptions.

On the second trial plaintiff recovered judgment against the Advertising Company which was approved by the trial judge after denying the defendant's motion for a new trial. On the appeal to the Court of Appeals, the Advertising Company as to the first trial assigned as error the failure of the judge to direct a verdict in its favor as above stated. In the second trial, it had assigned as error other actions of the trial court alleged to be sufficient to reverse the judgment in the second trial.

The Court of Appeals, as is proper, considered the first trial first and reversed the action of the trial judge in refusing to grant the motion for a directed verdict. It then dismissed the case.

The Advertising Company then filed a petition in the Court of Appeals requesting it to rule on the assignments of error in the record as to the second trial. In this petition it was stated that there was some doubt about whether it was necessary to petition for a rehearing before proceeding to file a petition for certiorari to the Supreme Court. In response, the Court of Appeals said:

"If we pretermit a question on the theory that it is immaterial in the view we take of the case, then our action in this respect is subject to review by certiorari and it has long been so understood by the profession. The petition for the writ proceeds upon the theory that we erred in concluding that the question was immaterial. In short, on the part of this court, errors of omission as well as errors of commission are reviewable by certiorari. *Independent Life Ins. Co. v. Hunter, supra.*

"In the situation presented in the instant case, the rule of practice is that the appellate court will, if necessary, hear and consider separately and in order the records of each trial. In passing upon the questions arising upon the first trial all subsequent proceedings are ignored. If a decision of these questions is determinative of the entire controversy it does not become necessary to go further and consider the questions arising upon the second trial. *Cf. Railroad v. Scott,* 87 Tenn. 494, 11 S.W. 317. And see numerous cases cited by Judge Williams in his notes to Williams Tenn. Code Annotated, section 8986."

■ It will be seen, therefore, that the action of the Court of Appeals on the first trial was determinative of the whole controversy, because that Court held that the

trial judge should have directed a verdict in favor of the defendant. Whereas, in the instant case, on the motion for a new trial in behalf of plaintiff, the trial judge set aside the verdict of the jury, because of the situation heretofore related in the original opinion with reference to a particular juror, and granted a new trial to the plaintiff in which there was a judgment against the defendant. Therefore, since we have reversed the action of the Court of Appeals which had reversed the action of the trial judge, we have necessarily left the case in the plight that the defendant was entitled to have his assignments of error as to the second trial reviewed by the Court of Appeals. It then appears to us that we are confronted with a situation which is not embraced within the rules reflected by T.C.A. sec. 27-823. It is neither our duty nor our function to review the assignments relating to the second trial. That is a matter for the Court of Appeals. Hence, after a full consideration by the Court, we have concluded that the proper disposition to be made is to remand the case of the Court of Appeals for that purpose, even though the defendant did not file a petition for certiorari to the failure of the Court of Appeals to consider the second trial. We think that the statute did not intend that the same should be necessary in this sort of situation.

See *Denny v. Webb,* 199 Tenn. 39, 281 S.W.2d 698, in which the situation was somewhat like the present one and where the matter was remanded to the Court of Appeals. In that case, at the conclusion of the plaintiff's proof, the defendant moved for a directed verdict in his favor on several counts, among which was a plea of one-year statute of limitations. This motion was overruled by the trial judge, the case went to the jury but the jury

could not agree and a mistrial was entered. The defendant saved a wayside bill of exceptions in order to preserve the question of the failure of the Court to direct a verdict. At a subsequent trial there was a verdict against the defendant. The Court of Appeals held that the trial court should have directed a verdict. This Court reversed the Court of Appeals and sustained the trial judge in refusing to grant a directed verdict. So far as the opinion shows there was no petition for certiorari filed by the defendant to this Court with reference to the second trial. Under these circumstances, the cause was remanded to the Court of Appeals for further proceedings under the appeal originally to that Court.

This same question arose in *Coleman H. Dykes v. Meighan Construction Co.*, petitioner, and was disposed of in the same manner as we think is proper in this case which is to remand the case to the Court of Appeals for consideration of the assignments of error with regard to the second trial.

The petition to rehear with regard to the second question, i. e., the action of the trial judge in granting a new trial as to the first trial, is overruled for reasons heretofore stated.