Elmer **HUDDLESTON**, Plaintiff,

v.

**CRAIN BROTHERS, INC.**, a corporation, Defendant.

Civ. A. No. 15115.

United States District Court
W. D. Pennsylvania.

May 23, 1960.

Edward O. Spotts, Leonard E. Price, Pittsburgh, Pa., for plaintiff.

Robert E. Wayman, Dickie, McCamey, Chilcote & Robinson, Ira R. Hill, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a retrial of a personal injury action based upon the Jones Act in which the jury rendered a verdict in favor of the seaman in the amount of $62,800, 46 U.S.C.A. § 688.

At the first trial the jury awarded the seaman, $9,800 confined solely to medical expenses and loss of wages, necessitating the granting of a new trial for the reason that the jury failed to consider and evaluate the charge of the court as to the right of the seaman to recover for pain, suffering, inconvenience and impairment of earning power.

Divers questions are raised as to the propriety of the court's rulings on ad-

missibility of evidence. In no instance do they command merit or justify discussion.

The primary issue before the court relates to defendant's motion for new trial on the ground that the verdict was excessive.

■ No question is raised as to the propriety of the charge to the jury, nor is it disputed that sufficient evidence was adduced at time of trial to sustain defendant's liability. I am satisfied, in the exercise of my judicial discretion, that viewing this finding in the overall setting of the trial, considering the character of the evidence and the legal principles which the jury was bound to apply to the facts, I should abstain from interfering with the jury's finding unless it is quite clear that the jury has reached a seriously erroneous result, Dan Lind v. Schenley Industries, Inc., 3 Cir., 1960, 278 F.2d 79. Substantial evidence exists in the record to support a finding of liability.

■■ I am further convinced, however, that the verdict was monstrous and so excessive as to shock the conscience of the court. The seaman who was fifty-one years of age at the time he sustained a back injury had never demonstrated any period of earning beyond $1,200 for any one year, and based upon a meticulous review of the record making allowance for pain, suffering and inconvenience, and evaluating the seaman's disability, I must conclude that an award of $45,000 would be fair, ample and just. Where the court considers the verdict returned in favor of the plaintiff as excessive, the proper procedure is not to grant a new trial absolutely but only conditionally, with an order of remittitur. Kennon v. Gilmer, 131 U.S. 22, 9 S.Ct. 696, 33 L.Ed. 110; Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603; May v. Ellis Trucking Co., 6 Cir., 243 F.2d 526.

■ This is not a case where the jury's verdict is absolutely the result of a compromise on the question of liability and damages and therefore in my judgment circumstances require a granting of a new trial as to damages only, if a remittitur is not filed by the plaintiff as provided herein, Rosa v. City of Chester, 3 Cir., 1960, 278 F.2d 876.

It will be directed that Elmer Huddleston remit all in excess of $45,000 within ten days upon condition that a new trial be granted as to damages only if he fails to do so.

An appropriate order is entered.