RANDY TREECE et al., Plaintiffs in Error, v.
LAWRENCE E. HAMILTON, Defendant in
Error.—378 S.W.(2d) 194.

Eastern Section. December 12, 1963.

Certiorari Denied by Supreme Court April 8, 1964.

14

Myron Ray Ely, W. Keith McCord, Knoxville, for plaintiffs in error.

Jack B. Draper, Willard N. Albert and Foster D. Arnett, Knoxville, for defendant in error.

S. J. MILLIGAN, Special Judge. Lawrence E. Hamilton sues the defendants, Randy Treece and Tucker Steel Corporation, for Ten Thousand Dollars ($10,000.00) for damages to his tractor, personal injuries and for loss of the use of the tractor while being repaired.

At the conclusion of all the evidence, on motion of the plaintiff, the Court directed the jury to return a verdict for the plaintiff, leaving only for the jury the question of damages; whereupon the jury returned a verdict in favor of the plaintiff, Lawrence E. Hamilton, for Seven

Thousand, Three Hundred Twenty-Three Dollars and Ninety-Eight Cents ($7,323.98) and on motion for new trial being filed, the Trial Court granted a remittitur of One Thousand, Three Hundred Twenty-Three Dollars and Ninety-Eight Cents ($1,323,98), leaving a net verdict for the plaintiff of Six Thousand Dollars ($6,000.00). The remittitur was accepted, and defendants appealed.

The defendants assigned four errors, none of which complains of action of the Court in directing a verdict for the plaintiff on the question of liability.

In defendants' first assignment of error they say that the Court erred in not sustaining their motion for new trial and motion for new trial as amended on each ground thereof, and particularly the amended motion which challenged the competency of the juror, Mrs. Porter.

By the second assignment defendants complain of the verdict being excessive, and by the third assignment they say the verdict was so excessive as to evince passion, prejudice and caprice.

The third assignment need not be considered by this Court for the reason that since the passage of Chapter 253 of the Acts of 1949, Tennessee Code Annotated 27-118, it is not necessary for the Court to find that a verdict is so excessive as to indicate passion, prejudice, corruption, partiality, or unaccountable caprice on the part of the jury. The Court may only consider whether or not the verdict "should be reduced". Streetman v. Richardson, 37 Tenn.App. 524 at 527, 266 S.W.(2d) 838.

By the fourth assignment they reiterate their complaint as to the competency of the juror, Mrs. Porter.

By these assignments two questions are presented:

(1) Is the verdict of the jury, after the remittitur by the Trial Court, excessive?

(2) Were the defendants denied a fair and impartial trial on the question of damages because of the alleged incompetence of one member of the jury?

The determination of the first question requires a review of the evidence. It is well established that it is not the prerogative of this Court to weigh the evidence, but it is its duty to determine whether the amount of the verdict is supported by material evidence. Friendship Telephone Company v. Russom, 43 Tenn.App. 441, 309 S.W.(2d) 416; Lyman et al. v. American National Bank and Trust Company, 48 Tenn.App. 328, 346 S.W.(2d) 289.

The verdict was a general verdict for Seven Thousand, Three Hundred Twenty-Three Dollars and Ninety-Eight Cents, and under the statute, T.C.A. sec. 20-1318, a general verdict is held to embrace every issue unless exception is taken at the term at which the verdict is rendered; and the record does not disclose any exception such as is contemplated by the statute having been made; however, on the hearing of the motion for new trial, defendants relied upon the affidavit of counsel to the effect that the foreman of the jury reported, "The jury has awarded for property damage Three Thousand, Three Hundred Twenty-Three Dollars and Ninety-Eight Cents ($3,323.98); loss of wages, Fifteen Hundred Dollars ($1,500.00)".

The bill of exceptions shows the following:

"*THE FOREMAN:* Your Honor, the jury has awarded for property damage $3,323.98 loss of wages * *".

*"THE COURT:* Just give me a total."

Thereupon the Foreman reported a total verdict of Seven Thousand, Three Hundred Twenty-Three Dollars and Ninety-Eight Cents ($7,323.98).

Defendants say that by a mathematical calculation the jury's verdict was, property damage Three Thousand, Three Hundred Twenty-Three Dollars and Ninety-Eight Cents ($3,323.98), loss of wages Fifteen Hundred Dollars ($1,500.00) and personal injuries Two Thousand, Five Hundred Dollars ($2,500.00).

Plaintiff testified that the tractor was repaired at a cost of Three Thousand, Three Hundred Twenty-Three Dollars and Ninety-Eight Cents ($3,323.98). The service manager of the company making the repair testified to the same effect and that it was necessary to replace the cab.

Plaintiff testified that the truck was in repair shop approximately thirty-four days and based on gross income during the eight months preceding the accident, and deducting therefrom the amount of expenses which would have been incurred and what were incurred the record shows a net loss of in excess of Seventeen Hundred Dollars ($1,700.00).

This brings us to the consideration of the award for personal injuries—which, according to the mathematical calculation set out herein, was Two Thousand, Five Hundred Dollars ($2,500.00).

Plaintiff says he had a cut on his wrist, was bruised and shaken up and was sore and stiff for over two weeks, but that he had no permanent injuries. The Court granted a remittitur of One Thousand, Three Hundred

Twenty-Three Dollars and Ninety-Eight Cents ($1,-323.98), reducing the verdict to Six Thousand Dollars ($6,000.00). As the verdict was a general verdict, we cannot say the Trial Court applied the remittitur to any particular item attempted to be set up by the defendants.

In (Blue) Star Service, Inc. v. McCurdy, 36 Tenn.App. 1, 251 S.W.(2d) 139, the Court said:

"Also, 'There is added weight to the judgment of the trial court, when, as here, the Circuit Court, by way of remittitur, reduced the amount of damages fixed by the jury'. Ezell v. Sign Post Co. Inc., 30 Tenn.App. 256, 205 S.W.(2d) 13; Smith v. Sloan, 189 Tenn. 368, 377, 225 S.W.(2d) 539, 227 S.W.(2d) 2."

We find there was substantial evidence to sustain the jury's verdict, and the assignments of error in reference to same are overruled.

Defendants say they were denied a fair trial because of the alleged incompetence of one of the jurors.

On voir dire examination of the jury the following questions and answers appeared:

"MR. ELY: * * * Does any member of the jury at this time have any case pending involving an automobile accident, any immediate member of your family been involved in a serious automobile accident?"

In response to this question one juror answered that his wife had been injured and had not recovered, and one juror answered that his daughter had been involved in a small accident. The record does not disclose that any other juror responded to the above question.

On the voir dire Mrs. Porter stated that her husband was deceased but had been a tractor trailer driver prior to his death.

Mr. Howard Kelsey filed an affidavit in support of defendants' motion for a new trial in which he stated he as a representative of the defendant, Steel Company, was present in court and heard the above question asked and that since the trial he had found that Mrs. Porter's husband had been killed in an accident in Kentucky while standing by the side of his truck, he having been struck by a car. On the motion for a new trial Mrs. Porter was called to testify and stated that her husband was killed near Mt. Vernon, Kentucky, and an excerpt from the voir dire examination which included the question above asked to the jury was read to Mrs. Porter and she was asked if she heard and understood the question at that time. She replied:

*"MRS. PORTER:* I heard the question, but I understood, as I did in all of them, had there been any immediate member of your family involved that would make you lean to one side or the other toward what your verdict would be, but his death would in no way make me lean to one side or the other."

Based on the foregoing, the defendants say that not having exhausted all of their challenges, had they known the facts in reference to the manner in which Mrs. Porter's husband had been killed, they would have challenged her as a juror, and because Mrs. Porter failed to answer the question propounded to her, they say they were denied a fair and impartial trial.

20

██ It is well settled that all objections to jurors *propter defectum* are waived unless they are challenged before they are sworn, whether the ground of challenge be known or not. Objections of this class are based on general disqualifications such as age, residence, relationship, feeble mindedness and the like; however, when the challenge goes further and presents a ground within the *propter affectum* class, a different rule applies. When it appears that the constitutional right to trial before an impartial jury is invaded (Const. Art. I Sec. 9), the challenge must be heeded even though not made until after verdict. Bouvier defines *propter affectum* (on account of partiality) as causes for challenge "from some bias or partiality either actually shown to exist or presumed to exist from circumstances". 1 Bouv.Law Dict. (Rawle's 3rd Rev.) Page 451. Durham v. State, 182 Tenn. 577, at 588, 188 S.W.(2d) 555, 160 A.L.R. 746.

The defendants rely upon Durham v. State, supra, which was a prosecution for rape, wherein a juror on his voir dire failed to disclose that he had been convicted of a felony and that he was at the time of the trial prosecutor in an assault to rape pending in that court, but which was on the retired docket. The Court in that case held that the juror was within the *"Propter affectum"* class, and granted a new trial.

Defendants also rely on the case of Meacham v. Woods, 205 Tenn. 18, 325 S.W.(2d) 281. The jurors were asked on voir dire if they had formed or expressed an opinion concerning the accident involved. One of the jurors answered negatively and it developed after the verdict that the juror had formed an opinion about certain facts. The Trial Court granted a new trial and the Supreme Court found that the Trial Judge was justified in so do-

ing, basing its decision on the fact that the juror was a biased juror because of his knowledge of the accident.

Plaintiff relies on the case of Thomas v. Hodges, 201 Tenn. 313, 299 S.W.(2d) 1, 63 A.L.R.(2d) 1059. In that case each of the jurors was asked collectively on voir dire if any of them had been a defendant in a lawsuit. No juror made a response. After a defendant's verdict had been reached by the jury, counsel ascertained that one of the jurors previously had been sued as a partner. On plaintiff's motion for a new trial the juror involved testified that he remembered counsel's question but though that a suit against him as a partner was different from a suit against him as an individual and that the fact that he had been so sued had nothing to do with his decision or the verdict which he reached. In affirming the action of the Circuit Judge in overruling plaintiff's motion for a new trial, the Supreme Court said in part:

"The trial judge heard all of the evidence in the case and he reached the conclusion that the plaintiff had been accorded a fair and impartial trial. Mr. Cortese stated that he tried the case solely upon the record presented in the present case. All of the facts and circumstances indicate that he was a fair and unbiased juror."

The Court further said:

"It seems to us that this situation here presented should be covered by the so-called 'Harmless Error-Statutes' which appears in Tenn.Code Annotated as Sections 27-116 and 27-117. These sections have been frequently discussed and applied in some of our cases. See Mahon v. State, 127 Tenn. 535, 156 S.W. 458;

Kirkendoll v. State, 198 Tenn. 497, 281 S.W.(2d) 243, 248.''

As heretofore stated it appears from the affidavit of a representative of the defendant, Steel Company, that if they had known the cause of the juror Porter's husband's death, they would have challenged her, thereby inferentially stating that defendants were deprived of the right to challenge the juror.

In Kirkendoll v. State, 198 Tenn. 497, 281 S.W.(2d) 243, the Court said:

"It is equally well settled, though that the erroneous denial of a peremptory challenge is not ground for reversal if the jury is composed of unbiased and unprejudiced jurors.''

The Court further found that under the Harmless Error Statute, T.C.A. sec. 27-117, when an unbiased and fair juror is selected, that even though the right of peremptory challenge has been denied, this constitutes harmless error.

In the Kirkendoll case, supra, when the qualifications of two jurors were assailed on account of statements alleged to have been made prior to the trial, the Court said:

"The testimony with regard to the qualifications of Litchford and Reeves is referred to rather fully by us here because it presents an issue that the trial judge had to weigh the evidence of these various witnesses pro and con. It in the first instance was up to him to determine which evidence was the most credible and it seems to us that under such circumstances his findings

should not be disturbed by us." Citing Thomas v. State, 109 Tenn. 684, 75 S.W. 1025.

We are of the opinion that the juror, Mrs. Porter, did not understand the question and that the reason she failed to respond was that she though that a response was necessary only if she felt she would be prejudiced on account of the death of her husband as the result of an automobile accident.

It is difficult to see why she should have been prejudiced or should lean toward either the plaintiff or the defendant. In this case both vehicles were tractor-trailers, one being loaded with steel, the other with tin cans. There is nothing in the record to show that she knew the owners or drivers of either vehicle. While her husband was a tractor-trailer driver, he was not killed by such a vehicle, but was run over by an automobile while standing beside his tractor-trailer.

After giving the case careful consideration we find that the juror, Mrs. Porter, was not prejudiced, her testimony to that effect being uncontradicted, and that the defendants were given a fair and impartial trial and that the constitutional rights of the defendants were not invaded, and we concur in the action of the Trial Court in overruling defendants' motion for a new trial as amended. It results that all of defendants' assignments of error are overruled, and the action of the Trial Court is in all respects affirmed.

The costs of the action are taxed to the defendants, plaintiffs in error herein.

McAmis, P.J., and Cooper, J., concur.