**Ernest Gene MOONEY, Plaintiff-Appellant,**

v.

**HENDERSON PORTION PACK CO., Inc., Defendant-Appellee.**

**No. 15639.**

United States Court of Appeals
Sixth Circuit.

July 7, 1964.

Albert L. Hodge, Chambliss, Chambliss & Hodge, Chattanooga, Tenn., for appellant.

Marvin Berke, Berke & Berke, Chattanooga, Tenn., for appellee.

Before MILLER, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

This is an action for personal injuries, in which jurisdiction is based upon diversity of citizenship. The jury returned a verdict in favor of plaintiff-appellant in the amount of $50,000, consisting of $35,000 in compensatory damages and $15,000 in punitive damages. The District Court granted a remittitur of $10,-000 in the award of punitive damages, which was accepted by plaintiff-appellant under protest. We quote the following language from the order of the District Court:

"Plaintiff thereupon announced in open Court that he was accepting

the remittitur of $10,000 under protest, and would pray an appeal within the time permitted by law from the action of the Court in remitting $10,000.00 of the punitive damages awarded by the jury.

"The Court thereupon overruled the defendant's motion for a new trial, and the plaintiff will be permitted to appeal from the action of the Court in suggesting the remittitur."

Appellee has filed a motion to dismiss the appeal on the ground that appellant accepted the remittitur in the District Court and accepted and collected the reduced judgment of $40,000 before his notice of appeal was filed.

Tennessee has a statute [1] which allows the party in whose favor a verdict has been rendered in a state court proceeding, in which a remittitur has been suggested, to accept the remittitur under protest and to appeal from the action of the trial court to the Tennessee Court of Appeals.

In support of its motion to dismiss, appellee relies upon the decision of this court in Bristol Gas & Electric Co. v. Boy, 261 F. 297, (C.A. 6), holding that the statute quoted in the margin has no application in a United States District Court sitting in Tennessee and that the action of the District Judge in ordering a remittitur as a condition to denying a motion for a new trial is not appealable. The Bristol case was decided by this court prior to the decision of the Supreme Court in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Under the Erie decision, this Tennessee statute will be applied in

1. T.C.A. § 27–118. "Reversal on protested remittitur.—In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, when the trial judge is of the opinion that the verdict in favor of a party should be reduced, and a remittitur is suggested by him on that account, with the proviso that in case the party in whose favor the verdict has been rendered refuses to make the remittitur a new trial will be awarded, the party in whose favor such verdict has been rendered may make such remittur under protest, and appeal from the action of the trial judge to the Court of Appeals; and if, in the opinion of said Court of Appeals, the verdict of the jury should not have been reduced, but that the judgment of the trial court is correct in other respects, the case shall be reversed to that extent, and judgment shall be rendered in the Court of Appeals for the full amount originally awarded by the jury in the trial court."

the federal courts sitting in Tennessee. Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079; Tracy v. Finn Equipment Co., 290 F.2d 498, 500 (C.A. 6).

"The right of the trial judge to suggest and approve a remittitur in lieu of granting a new trial when he is of the opinion that the verdict is grossly excessive is well settled." Montgomery Ward & Co. v. Morris, 260 F.2d 504 (C. A. 6). We hold that the acceptance of such a remittitur under protest in the instant case did not deprive appellant of the right to appeal.

The motion to dismiss the appeal is denied.