**Ernest Gene MOONEY, Plaintiff-Appellant,**

v.

**HENDERSON PORTION PACK CO., Inc., and Troy Weldon Guffey, Defendants-Appellees.**

**No. 15639.**

United States Court of Appeals
Sixth Circuit.

Dec. 15, 1964.

Marvin B. Berke, Chattanooga, Tenn., Berke & Berke, Chattanooga, Tenn., on brief, for appellant.

Albert L. Hodge, Chattanooga, Tenn., Chambliss, Chambliss & Hodge, Chattanooga, Tenn., on brief, for appellees.

Before WEICK, Chief Judge, MILLER, Circuit Judge, and SMITH, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Plaintiff brought this action in the District Court seeking compensatory and punitive damages against the defendant Henderson Portion Pack Co., Inc., in the total amount of $185,000.00 on account of injuries sustained by him in an automobile accident near Trion, Georgia, allegedly caused by the negligent operation of defendant's truck by defendant's employee. The jury found for the plaintiff in the amounts of $35,000.00 as compensatory damages and $15,000.00 as punitive damages.

Upon motion for new trial, the District Judge approved the award for compensatory damages, but expressed the opinion that the award for punitive damages was "clearly excessive to the extent of $10,000.00" and suggested a remittitur of that amount in lieu of granting a new trial. The plaintiff accepted the remittitur under protest, and took this appeal from that portion of the judgment. The appealability of the order has been heretofore upheld in Mooney v. Henderson Portion Pack Co., Inc., 334 F.2d 7, C.A.6th.

Georgia Code, Section 105–2002, which is the applicable law on the merits of this case, provides:

"In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff."

■■ Appellant contends that under this statute the question of punitive damages is one for the jury and that the District Judge has no right to substitute his judgment of what the amount should be for that fixed by the jury. We agree that under the statute it is for the jury to determine if punitive damages should be awarded and, if awarded, to fix the amount thereof by its verdict. King v. Towns, 102 Ga.App. 895, 118 S.E.2d 121. But this is not the end of the matter. A jury verdict awarding punitive damages is subject to the same supervision and control by the trial court as is a jury verdict awarding compensatory damages. The King case, supra, recognizes the general rule that an award of punitive damages may be so excessive as to justify its being set aside by the trial judge. See 118 S.E.2d at page 128.

■■ The power of the trial judge to grant a new trial on the ground that the verdict is excessive is settled law. In Fields v. Jackson, 102 Ga.App. 117, 115 S.E.2d 877, 882, the Georgia Court of Appeals recognized this right in the trial judge, stating that trial judges should be very cautious in overthrowing a verdict on the ground of excessive damages and that a verdict should not be set aside on that ground unless it was flagrantly outrageous and extravagant. In Frank v. Atlantic Greyhound Corp., 172 F.Supp. 190, 191–193, D.C.Dist.Col., the District Judge said that a verdict should not be set aside as excessive merely because it is larger than what the Judge himself would have awarded, but that it could be set aside, or reduced by remittitur, when it exceeded the maximum reasonable amount which could have been awarded by the jury. He stated that the test is whether the verdict is so unreasonably high as to result in a miscarriage of justice, because one of the bases for granting a motion for a new trial is to prevent or cure what appears to the trial judge to be a miscarriage of justice. It was pointed out that this was not a substitution of the Court's judgment for that of the jury on the issue of what the amount should be. The same view was expressed in Bell v. Cincinnati, N. O. & T. Pac. R. Co., 205 F.Supp. 781, 785, E.D.Tenn. In Montgomery Ward & Co. v. Morris, 260 F.2d 504, 506; 273 F.2d 452, C.A.6th, this Court expressed the view that the trial judge has the right to suggest and approve a remittitur in lieu of granting a new trial when he is of the opinion that the ver-

dict is grossly excessive. See Rule 59(a), Rules of Civil Procedure; Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439; Ford Motor Co. v. Mahone, 205 F.2d 267, 272, C.A.4th; Brabham v. State of Mississippi, 96 F.2d 210, 213–214, C.A.5th, cert. denied, 305 U.S. 636, 59 S.Ct. 103, 83 L.Ed. 409; General Corp. v. General Motors Corp., 184 F.Supp. 231, 243, D.C.Minn. This Court also recognized the right of the trial judge to do so in the following cases, although the ruling that the verdict was not excessive was approved. Werthan Bag Corp. v. Agnew, 202 F.2d 119, 122, C.A.6th; Collins v. Clayton & Lambert Manufacturing Co., 299 F.2d 362, 365–366, C.A.6th.

 The principle of remittitur is ancillary to this right of the trial judge to grant a new trial because of the excessiveness of the jury verdict. The principle is now well settled, although it was at one time criticized on the ground that it deprived the plaintiff of his right to a jury trial guaranteed by the Seventh Amendment. Dimick v. Schiedt, 293 U.S. 474, 482–485, 55 S.Ct. 296, 79 L.Ed. 603; Montgomery Ward & Co. v. Morris, supra, 260 F.2d 504, 506, C.A.6th; Frank v. Atlantic Greyhound Corp., supra, 172 F.Supp. 190, D.C.Dist. Col.

The only question remaining on this appeal is the scope of our review of the ruling of the District Judge that the motion for a new trial should be sustained on the ground that the jury award was excessive. The Supreme Court held in Fairmount Glass Works v. Cub Fork Coal Co., supra, 287 U.S. 474, 481, 485, 53 S.Ct. 252, that an appellate court will not review the action of a federal trial court in granting a motion for a new trial on the ground that the damages awarded were excessive, except possibly for abuse of discretion. This ruling was followed by this Court in Montgomery Ward & Co. v. Morris, supra, 273 F.2d 452, 453–454, C.A.6th. See also: Spero-Nelson v. Brown, 175 F.2d 86, 89, C.A.6th. The granting or denying of a mo-

tion for a new trial is within the discretion of the trial judge. Cross v. Thompson, 298 F.2d 186, 187, C.A.6th; Turner v. United States, 229 F.2d 944, C.A.6th, cert. denied, 351 U.S. 970, 76 S.Ct. 1038, 100 L.Ed. 1489; Winer v. United States, 228 F.2d 944, 952, C.A.6th, cert. denied, 351 U.S. 906, 76 S.Ct. 695, 100 L.Ed. 1442. See also: United States v. Johnson, 327 U.S. 106, 111–112, 66 S.Ct. 464, 90 L.Ed. 562, rehearing denied, 327 U.S. 817, 66 S.Ct. 699, 90 L.Ed. 1040.

We find no abuse of discretion on the part of the District Judge in the present case.

The judgment is affirmed.