**Frank R. CASALE**

v.

**DOONER LABORATORIES, INC.**

**Civ. No. 21201.**

United States District Court,
D. Maryland.

June 2, 1972.

---

Arthur Dale Leach, Silver Spring, Md., for plaintiff.

Donald E. Sharpe, and Raymond J. Coughlan, Baltimore, Md., for defendant.

MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

This case was tried before the undersigned and a jury on February 7, 8, 9, 10 and 11, 1972. A verdict was returned in favor of the plaintiff Frank R. Casale on both counts of his cause of action [1] and damages were awarded as follows: Count 1—Seven Hundred and

---

1. Count 1 of plaintiff's cause of action alleged that the defendant Dooner Laboratories, Inc. had misrepresented certain material facts to plaintiff thereby inducing him to leave his employment of approximately seventeen (17) years with the Merrill Company and to accept employment with the defendant. Count 2 was a libel action which arose out of a letter allegedly containing libelous statements which was sent by the defendant to pharmaceuticals purchasers in the Washington, D. C. area, some of whom were said to be former clients of the plaintiff.

Forty-Four Dollars ($744.00) for compensatory damages and Twenty Thousand Dollars ($20,000.00) for punitive damages; Count 2—Eight Thousand Dollars ($8,000.00) for compensatory damages and Sixty Thousand Dollars ($60,000.00) for punitive damages. Thereafter, the defendant filed a Motion for Judgment Notwithstanding the Verdict or in the alternative for a New Trial assigning various grounds, all of which have been argued and are now submitted for decision.

The one point which has merit and which compels a change in the result is that "(t)he damages awarded by the jury were excessive." The remaining contentions in defendant's motion have been carefully considered and are now held to be without merit.

At the outset it should be noted that the compensatory damage awards are fully supported by the evidence and should be allowed to stand. However, the Court is of the firm conviction that the punitive damages awarded are excessive and that plaintiff should be given the option of remitting the portion of the damages awarded him which is excessive or submitting to a new trial on all the issues in the case.

█ There is a long line of cases upholding a trial judge's right to grant a new trial on the ground that the verdict was against the weight of the evidence. *See, e. g.*, United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 248, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439 (1933); Snead v. New York Central Railroad Company, 216 F.2d 169, 172 (4th Cir. 1954); Portman v. American Home Products Corp., 201 F.2d 847, 848 (2d Cir. 1953); Southern Pac. Co. v. Guthrie, 186 F.2d 926, 932–933 (9th Cir. 1951). Many courts hold that when confronted with an excessive verdict, the trial judge has more than the right to set the verdict aside—he has the *duty* to do so. As was held by the late Chief Judge Parker in the case of Virginian Railway Company v. Armentrout, 166

F.2d 400, 408, 4 A.L.R.2d 1064 (4th Cir. 1948):

"The power and duty of the trial judge to set aside the verdict under such circumstances is well established, the exercise of the power being regarded as not in derogation of the right of trial by jury but one of the historic safeguards of that right.

\* \* \* \* \* \*

"To the federal trial judge, the law gives ample power to see that justice is done in causes pending before him; and the responsibility attendant upon such power is his in full measure. While according due respect to the findings of the jury, he should not hesitate to set aside their verdict and grant a new trial in any case where the ends of justice so require."

*Accord,* Becksted v. Skelly Oil Company, 131 F.Supp. 940, 942 (D.Minn.1955), where it was said:

"It is the *unmistakable duty* of trial courts to grant new trials where excessive verdicts are returned and the granting or refusing thereof rests in the sound discretion of the trial judge and will not be reviewed on appeal, in the federal system, except for exceptional circumstances. . . ." (emphasis added).

*See also* Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350 (4th Cir. 1941); Sunray Oil Corporation v. Allbritton, 188 F.2d 751 (5th Cir. 1951).

The Court in Sunray Oil Corporation v. Allbritton, *supra*, recognized that remittitur is one other possible remedy which can be used where the damages are manifestly excessive. *Accord,* Atchison, Topeka and Santa Fe Railway Company v. Hadley Auto Transport, 216 F.Supp. 94, 98 (D.Colo.1963). In Mooney v. Henderson Portion Pack Co., 339 F.2d 64 (6th Cir. 1964), the Court stated (at p. 66) that "(t)he principle of remittitur is ancillary to this right of a trial judge to grant a new trial because of the excessiveness of the jury verdict." In *Mooney* it was held that the District Judge had not abused his discretion

when, upon a motion for new trial, he approved an award for compensatory damages, but found the award for punitive damages clearly excessive and suggested a remittitur in lieu of granting a new trial. *See also* Curtis Publishing Company v. Butts, 351 F.2d 702, 717–719 (5th Cir. 1965), where it was held in a libel action that it was permissible for a trial judge to suggest a remittitur of any excessive punitive damages once he had determined that the amount of the award was against the weight of the evidence. Other cases acknowledging the trial court's authority to give the successful party the option of either accepting a remittitur or having a new trial include May v. Ellis Trucking Co., 243 F.2d 526 (6th Cir. 1957), where it was said that the trial judge, upon a finding that the "verdict was so excessive as to shock the conscience of the Court," had the discretionary power to give the plaintiff the option of either accepting a remittitur or having a new trial; Bucher v. Krause, 200 F.2d 576, 588 (7th Cir. 1952), cert. denied, 345 U. S. 997, 73 S.Ct. 1141, 97 L.Ed. 1404 (1953), where the Court held that if excessive damages are awarded, the trial court may not arbitrarily reduce the damages but must afford the plaintiff the opportunity to make a remittitur if the plaintiff desires and must grant a new trial if the plaintiff does not consent to a remittitur.

In Sheats v. Bowen, 318 F.Supp. 640 (D.Del.1970), the District Judge held that a court may not absolutely order a remittitur of punitive damages found to be excessive, but may grant the plaintiff an election either to remit a stated amount of verdict or to submit to a new trial. The court succinctly stated the applicable law to be that:

"It is well established that the granting or denying of a motion for new trial rests in the sound discretion of the trial court, especially where the ground alleged is that the verdict was against the weight of the evidence, that the amount of damages awarded was excessive or that the trial was unfair to the moving party. . . .

"In considering whether the jury verdicts are against the clear weight of the evidence and the damages are excessive, this Court may reweigh the evidence, but it should not exercise its discretion to grant a new trial unless the amounts of the verdicts shock the judicial conscience of the Court. . . ." 318 F.Supp. at 643.

■ As demonstrated, the Court's discretionary power to require a successful plaintiff to elect a remittitur or a new trial because of an excessive verdict is clear.

■■ In the instant case, the Court is satisfied that the awards of punitive damages are grossly excessive and serve to "shock the conscience." Although the Court is satisfied that there was sufficient evidence to support an award of punitive damages, the Court feels that the degree of malice, wantonness and/or reckless disregard established in this case was not so great as to justify the size of the punitive damage awards rendered by the jury.[2] Upon a careful review of all the evidence in this case, the Court concludes that the punitive damage awards exceeded the maximum reasonable amounts which could have been awarded by the jury and that it would be a miscarriage of justice to allow them to stand.

It is further the conclusion of the Court that the maximum punitive damage awards a jury properly could allow in this case are:

Count 1—Ten Thousand Dollars ($10,000.00); Count 2—Thirty Thou-

2. In Afro-American Publishing Co. v. Jaffe, 125 U.S.App.D.C. 70, 366 F.2d 649, 661–663 (1966), the concept of punitive damages was discussed and it was noted that a proper award of punitive damages in a libel action is dependent on a determination of actual malice or wanton conduct. To this comment might be added the requirement that the size of the punitive damage award should be related to the degree of malice or wanton conduct proven.

sand Dollars ($30,000.00). It is therefore, this 2nd day of June, 1972

Ordered that the verdict of the jury in favor of the plaintiff Frank R. Casale and the judgment entered thereon on February 11, 1972, be set aside and a new trial awarded unless within fifteen (15) days of the date of this order the plaintiff Frank R. Casale files a remittitur of all sums in excess of Ten Thousand Dollars ($10,000.00) as an award for punitive damages under Count 1 of the Complaint and a remittitur of all sums in excess of Thirty Thousand Dollars ($30,000.00) as an award for punitive damages under Count 2 of the Complaint.